## WILLIS *vs.* FINCHER.

1. A garnishee summoned on the second day of December, 1880, to answer a garnishment in a justice's court was relieved of the necessity of making such answer in ten days, as required by section 4161 of the Code, by the act of December 6th, 1880, extending the time within which answers of garnishees must be made.
2. Exceptions to the answer of a garnishee on the ground of insufficiency are too late when not made until thirty days or more have elapsed from the time of filing such answer.

Garnishment. Practice. Justice Courts. Before Judge STEWART. Pike Superior Court. October Term, 1881.

Willis obtained judgment against Fincher in a justice's court at the December term of said court. On December 2d he garnished one Fincher, the process being returnable to the next (January) term of the court, which was held on the first Saturday in January, 1881. The garnishee answered on January 1st, that he was not indebted to the defendant. No traverse was filed. At the February term of the justice's court the docket was regularly called, when plaintiff moved the court to strike the answer of Fincher upon two grounds:

(1.) Because it was insufficient in law and not responsive to the summons.

(2.) Because it was not filed in the time required by law, to-wit, ten days from the service of garnishment. The justice overruled the motion, and the case was carried to the superior court by *certiorari*, and there the judgment of the magistrate was affirmed, and plaintiff excepted.

HENRY WALKER, for plaintiff in error.

E. F. DUPREE; J. F. REDDING, for defendant.

SPEER, Justice.

1. One of the questions made by this record is whether a person summoned to answer a garnishment returnable to a regular term of a justice's court and service of which was made on him on the second day of December, 1880, was bound to answer within ten days from the service, as provided by section 4161 of the Code, or was the privilege extended to him of answering "at the term to which the garnishment is returnable," as provided by the act approved 6th December, 1880, amending said section.

The procedures of courts are always subject to legislation. The amended act of 6th December, 1880, repealed the ten days' limitation of the 4161st section of the Code,. and the duty and direction it imposed ceased to exist. The amended act was remedial,. and should be liberally construed, and under it we hold the right and privilege· were extended to the garnishee to answer at the term to· which the garnishment was returnable; and especially is. this so, when at the passage of the act the garnishee had not forfeited his right to answer under section 4161, as. the ten days had not expired from the date of the service.

2. The second question made in the record, whether the court should have stricken the answer as made at the term to which the summons of garnishment was returnable as being insufficient in law, we do not deem it necessary to pass upon as made, as in our opinion, from the· record, it was too late for plaintiff to object to the answer for any cause.

It does not appear from the record on what ground the court overruled the demurrer to the answer, and if for any good cause he was right, his judgment will be sustained.

It appears the answer to the summons of garnishment was made 1st January, 1881, and no exceptions or traverse to said answer were made before the February term, 1881,. thirty days or more after the answer was made. Section

4162 of the Code provides : " If the plaintiff 'in such suit desires to traverse the answer of the garnishee he shall do so within ten days after the same is filed, and not after." Exceptions to the sufficiency of an answer must necessarily precede filing a traverse to the same, and, we think, a reasonable construction of the statute is that all objections to the legality, insufficiency, or the traverse of an answer must be made within ten days from the filing, and not after. The policy of the law is speedily to dispose of these collateral issues that often involve innocent parties who have no interest in the other litigation. In garnishments returnable to the superior court traverses must be filed at the first term and issues thereon are triable at the same term. Code, §3306.

Judgment affirmed.