BAKER *v.* SMITH.

1. Where a statute provided that an amendment to an execution which had been levied would cause the levy to fall, and the legislature repealed the statute and declared that a levy should not fall if the execution was amended, the repealing act applied as well to cases which were pending at the time of its passage as to those which arose afterwards. It did not deprive the defendant in execution of any substantial right, but only regulated the procedure of the court, in which he could acquire no right. Such a repealing statute is not within the constitutional inhibition against the passage of retroactive laws. *Pritchard* v. *Railroad*, 87 *Ga.* 294, and authorities cited.

2. Where the defendant in execution has filed one affidavit of illegality, he cannot file another for causes which existed and were known, or in the exercise of reasonable diligence might have been known, at the time of filing the first. The negligence or ignorance of his counsel in not informing him of his legal rights is not a sufficient ground to take it out of the rule.

3. The evidence warranted the verdict, and was sufficient to author-ize the judge to make the charge complained of.

February 9, 1893.        *Judgment affirmed.*

Before R. J. McCamy, judge *pro hac vice.* Bartow superior court. January term, 1892.

Illegality was interposed by T. H. Baker of the firm of J. D. Head & Co., to the levy of an execution against that firm in favor of T. E. Smith, administrator of Gregg. A verdict and judgment in favor of the plain-tiffs were rendered, and Baker excepted to certain rul-ings of the court. The levy was dated February 26, 1879. The original affidavit of illegality was sworn to on July 5, 1880. The ground thereof was, that the execution had been fully paid off and discharged, and should not be proceeding against deponent. When the case came on for trial at the January term, 1892, Baker offered an amendment to his affidavit, to which the plaintiff objected, because the reasons given why the same had not been filed when the original affidavit of illegality was made, were not sufficient to allow it to be amended at this stage of the case. The objection was sustained, and this ruling is assigned as error. The amendment alleged the following: The judgment from which the execution issued is in the following words: "Theo. E. Smith, adm'r, *v.* J. D. Head & Co. It ap-pearing to the court that defendants filed their sworn plea in the above stated case, and it further appearing to the court that said defendants withdrew said plea, and thereby it appearing there is no issuable plea or defence filed on oath now in this case, judgment is ren-dered by the court for the plaintiff against the defend-

ants for the sum," etc. In January, 1892, Baker was informed that the proceeding upon which said judgment was rendered was not upon an unconditional contract in writing, but was upon a note and an account. He was not served with a copy of the proceeding against J. D. Head & Co., and therefore does not know the character of the claims against that firm sued on; and therefore the judgment could not have been entered up by the court, and should now be declared void. Defendant alleges, as additional grounds of relief against the execution should the judgment be declared valid, that he, as a member of the firm of J. D. Head & Co., was not served with a copy of the proceedings in the case, and for that reason the execution is proceeding illegally against his individual property and not the property of the firm nor of Head, the partner who was served. Defendant would have made this defence at first, but not being an attorney at law, was not aware of the fact that individual property of the partners not served was not liable on a judgment against the firm, until he was so informed by Mr. Heyward, his attorney, who was employed by him during the Christmas holidays of 1891. Another reason why the execution is proceeding illegally is, that the judgment is against J. D. Head & Co., a partnership, while the execution is against J. D. Head and T. H. Baker and not against the firm of J. D. Head & Co. Though the facts in the second and third grounds of this amendment existed at the time he filed his original affidavit of illegality, he was not aware of them as such, not being an attorney at law, and relying on his former attorney, J. A. Baker, to prepare all the defences that were permitted by law. He should not now be held negligent in not prosecuting these defences originally, when the same could have been done had J. A. Baker informed him of the law applicable to the facts; and the negligent way in which J. A. Baker managed

the defence to the execution is the sole reason why these matters were not set up before. He further pleads $31.95 principal and interest due on a *fi. fa.* from a justice's court in favor of the Mayor, etc. of Cartersville *v.* T. E. Smith, administrator of E. A. Gregg, and J. D. Head and T. H. Baker, garnishees, which was paid by the garnishees, as a proper credit on the execution now proceeding.

The plaintiff moved to amend the execution so as to make it conform to the judgment by adding the words, "partners using the firm name of J. D. Head & Co.," and by striking the word "thirty" and interlining "forty." This amendment was allowed over objection of Baker, and he thereupon moved to dismiss the levy on the ground that it fell by reason of the amendment. The overruling of this motion is assigned as error.

The execution was based on a judgment of July 27, 1877, for $1,344.60 principal, $53.19 interest to judgment, and $11.10 costs. It bears four credits, viz: $500 November 26, 1877; $100 November 8, 1878; $75 December 10, 1878; $200 May 7, 1879. J. A. Baker testified: I represented defendants in this *fi. fa.* after the judgment was obtained, and in conversation with Smith about it and about his settlement, we always thought if we could get Smith down to it he would settle. In the effort to settle this thing or in the talk about it, Smith always expressed a willingness that this account of Mrs. Gregg should always be taken in consideration and put as a credit upon the *fi. fa.*; and I told him what Head said, that Head insisted that the account ought to go on this *fi. fa.*; and he said: "I am willing for them to put it as a credit on the *fi. fa.*"; and Smith always expressed a desire to have it done; never objected to it in the least. In the settlement he would always say he was willing for these things to go there,

v 91-10

and that they ought to go there because they ought to go as credits on the *fi. fa.* In my conversation with T. E. Smith it was always understood and agreed that these accounts and the Gregg account should be considered as a credit on that *fi. fa.* T. H. Baker testified :. While Head, Smith and myself were going down the street, Smith agreed with Head and me that the accounts of Mrs. Gregg and Smith should go as a credit on that *fi. fa.* The amount of the accounts was expressed, but I do not recollect the exact figures; there was an itemized account. It has always been understood that these accounts should go on that *fi. fa.* . . He agreed to have this account credited on the *fi. fa.* Smith testified that he once agreed to allow as a credit on the *fi. fa.* Mrs. Gregg's account, if defendants would pay the balance due on the *fi. fa.*, which they never did. On the ledger of J. D. Head & Co. appeared an account. against Mrs. Gregg and one against T. E. Smith, the former containing several items of various dates between January 4, 1877, and March, 1878, amounting to $122.98. Smith's account, without date, is stated to be $41.57.

The court charged as follows : "If you find that this *fi. fa.* is the property of the estate of E. A. Gregg, and that Theo. E. Smith, adm'r of Gregg, did agree with the defendants in *fi. fa.*, J. D. Head & Co., to credit the amount of the accounts due said J. D. Head & Co. by Mrs. S. E. Gregg, as shown by the books of Head & Co.,. on this *fi. fa.*, and the agreement was never in fact carried out; and in 1879 Smith levied the *fi. fa.* without crediting the same with the amount of the account or receipting for the same as so much money paid on said *fi. fa.*, then I charge you that the agreement did not bind plaintiff in *fi. fa.* and you cannot allow the amount. of said accounts as credits on the *fi. fa.*, unless you further find that this agreement to credit on the *fi. fa.* the-

account of Mrs. Gregg, was made with her jointly with Smith and defendants, and you further find that she would be entitled to as much from the collection of this *fi. fa.* as would pay her account. If you find that this agreement was conditional upon defendants paying the balance due on the *fi. fa.* within a specified time, and that it was not so paid, the agreement would not be binding and could not now be enforced." This charge is assigned as error, because : (1) the evidence did not authorize such charge; (2) the evidence showed that the contract as to crediting the accounts on the execution was an executed and not an executory contract.

After the bill of exceptions was certified, the judge presiding, at the instance of the defendant in error, certified the following facts as appearing in evidence, and ordered the clerk to transmit the same to this court as a part of the record, it being the opinion of the judge that these facts are material to a clear understanding of the errors complained of, there being no brief of evidence : In denying the amendment to the original affidavit of illegality, the court announced that he would hear Baker on a motion to set off the *fi. fa.* referred to in the affidavit of illegality. Baker swore that Smith and defendants in *fi. fa.* agreed to allow the amount of the *fi. fa.* against Smith to go as a credit on the execution in question. Smith swore that he agreed at one time to allow the *fi. fa.* against him to go as a credit on this execution against Head & Co. if they would pay the balance due on the *fi. fa.*, which they have never done. Thomas Warren Akin swore that Mrs. Gregg is the widow of E. A. Gregg who left her and two or more children as heirs at law.

W. I. Heyward, for plaintiff in error.

T. Warren Akin, *contra.*