COLUMBIA MINING COMPANY OF GEORGIA *v.* WELLMAKER.

SIMMONS, C. J. 1. A petition which, showing parties and the jurisdiction of the court, alleged that the plaintiff was an employee of the defendant, a mining company operating a mine; that he was ordered to prepare frozen dynamite for blasting; that while he was doing so a part of the dynamite caught fire, and an explosion followed which took off plaintiff's arms between the wrist.

and elbow ; that plaintiff was following orders when he made the attempt to prevent the explosion ; and that "the injury was occasioned by the fault and negligence of defendant as aforesaid and entirely without fault whatsoever on the part of plaintiff," contained enough to amend by, and was amendable in both form and substance.

2. The petition as amended did not set forth a new cause of action, and was good as against a general demurrer and as against the demurrers filed.

*Judgment affirmed. By four Justices. Lamar, J., disqualified.*

Argued July 16, — Decided August 14, 1903.

Action for damages. Before Judge Brinson. McDuffie superior court. December 5, 1902.

The petition alleged : (1) The defendant is, and at the time hereafter named was, a mining corporation under the laws of this State, with its principal office fixed by charter in Fulton county, but having an office and agent in said county of McDuffie. (2) Defendant has injured and damaged plaintiff in the sum of $10,000, by reason of the following facts: (3) On the 7th day of February, 1901, plaintiff was in the employ of defendant as a mine hand at defendant's mine in McDuffie county, his position being that of a striker and his post of duty being under the ground. (4) On that date plaintiff was called from his post of duty under the ground, and ordered to prepare dynamite, which was frozen, for the purpose of blasting. (5) While preparing said dynamite in said McDuffie county, a part of said dynamite caught fire, and an explosion followed, which caused plaintiff to lose both arms above the wrist and below the elbow or between the wrist and elbow. Plaintiff was following orders when he made the attempt to prevent the explosion. (6) Because of said injury plaintiff is now helpless and able to do no work at all. The injury received by said explosion is yet unwell, and it has been necessary for plaintiff to have both arms amputated the second time. (7) At the time of the injury, plaintiff was receiving $1.25 per day and was 31 years of age. Besides the loss of wages, plaintiff has suffered great pain for six months. (8) The injury was occasioned by the fault and negligence of defendant as aforesaid, and entirely without fault on the part of plaintiff.

The defendant filed a demurrer on the grounds: It does not appear that the superior court of McDuffie county has jurisdiction of the cause ; the petition sets out no cause of action ; the petition fails to disclose any negligence on the part of the defendant.

The plaintiff then offered to amend the petition, as follows: By inserting in paragraph 2, after the words, "Defendant has injured and damaged plaintiff," the words, "and is liable to him." By adding to paragraph 3: "the mine in which defendant worked being in the county of McDuffie, State of Georgia; and the injury hereinafter mentioned occurred in said State and county." By striking paragraph 4 and inserting in lieu of it: "On the date aforesaid plaintiff was at work, at his regular post of duty, for the defendant, in a mine located and being in McDuffie county, Georgia, when he was called from his said post of duty by one James L. Davey, night superintendent of defendant, said Davey being at said time employed as night superintendent of the mines of defendant in said State and county, it being his duty, as defendant's agent, to direct the work and boss the hands of defendant, and it being the duty of said hands to obey the orders of said Davey; and plaintiff was ordered by said Davey to prepare dynamite for the purpose of blasting. When plaintiff reached the top of the ground, the dynamite, being frozen, had been stuck in the ground, around a fire, for the purpose of thawing said dynamite." To amend paragraph 5 so as to make it read: "The said Davey, who at the time was superintending the thawing of said dynamite, ordered plaintiff to prepare said dynamite for blasting. Plaintiff was obeying said order by preparing a cartridge, when one stick of said dynamite became ignited, not by plaintiff or through his negligence. Plaintiff seized said ignited stick of dynamite for the purpose of throwing it away, when he (plaintiff) was ordered by said Davey to break it in two. Plaintiff was doing this when an explosion occurred which caused plaintiff to lose both arms above the wrist and below the elbow, that is, between the wrist and elbow. If plaintiff had been permitted to throw the dynamite he would have thrown it to such a distance that he would have suffered no injury. He did not know that it was dangerous to break the same as commanded by Davey, but such fact was known to said Davey, and he was grossly negligent in commanding plaintiff to break the same and thereby cause the explosion and injury to plaintiff. Said injury was caused by the breaking of said dynamite, and would not have occurred if it had not been broken, and if plaintiff had been allowed to throw it." By inserting a new paragraph 6 as follows: "As mine hand for defendant, it was plaintiff's duty to obey the orders

of said Davey, night superintendent of defendant, when plaintiff was ordered to prepare dynamite for blasting; for the said Davey being, at the time the explosion occurred, in the employ of said corporation as night superintendent, having the power as night superintendent of said . . company to order all hands to any post of duty to do whatever work in the mine he might wish to have done." By inserting a new paragraph 7, as follows: "Plaintiff was following the orders of said Davey when he attempted to break the said stick of dynamite which caused the explosion." By making paragraph 8 read as follows: "It was through the fault and negligence of defendant that frozen dynamite should have been used, dynamite being more dangerous when frozen than when in normal state, which fact was known to said Davey but unknown to plaintiff, as they were grossly negligent in the manner in which the same was thawed. It was through no fault or negligence on the part of the plaintiff that the explosion occurred, plaintiff being wholly free from fault." By adding a new paragraph 8, as follows: "Plaintiff did not know the danger of said dynamite in its frozen state, it being the duty of said Davey to know it, and plaintiff should not have been ordered to handle it." By adding a new paragraph 10, as follows: "Had said dynamite been in its normal condition, plaintiff could have prepared it for blasting purposes without accident."

Other amendments related to the extent of the pain and damage which resulted from the alleged injury. The amendments were allowed over the objections, that there was nothing to amend by; that the petition, if thus amended, would set forth a new cause of action; that it appeared from the proposed amendments that the company was not guilty of negligence; that it appeared therefrom that the injury was caused by a sudden emergency, and that the defendant was not liable for the injury so occasioned; and that it appeared therefrom that if there was any negligence, it was that of a fellow-servant, for which the defendant was not liable. The defendant then demurred to the petition as amended; the demurrer was overruled, and it excepted, assigning as error the allowance of the amendments and the overruling of the demurrer.

*William H. Barrett,* for plaintiff in error. No cause of action. Civil Code, § 5098; *Ga. Rep.* 87/691, 700–1, 709; 102/254, 258; 106/129; 115/608, 935; 118/292. Amendment, a new cause of action: *Ga. Rep.* 109/604; 113/15. Diligence and

knowledge: Civil Code, § 2612; Hopkins' Pers. Inj. §§ 285, 299, 302, 304, 309; *Ga. Rep.* 92/495; 95/34; 101/713; 104/764; 111/427, 460. Fellow-servants: Hopk. Pers. Inj. §§ 275 et seq.; *Ga. Rep.* 68/839; 80/227; 104/679.

*John T. West* and *Watson & Callaway,* contra, cited Civil Code, § 1900; *Ga. Rep.* 69/137; 71/406; 87/691; 91/658, 726; 102/64, 68; 111/464; 113/622.