## 36395. GODWIN v. HUDSON.

TOWNSEND, J. 1. By the act of 1956 (Ga. L. 1956, pp. 3271, 3281) the time for presentation to the trial judge of a final bill of exceptions in the Civil Court of Fulton County is extended from 15 to 30 days. Accordingly, the writ of error here is not subject to dismissal on the ground that it was not presented within the time prescribed by law, it having been certified by the trial court 17 days after the ruling complained of.

2. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code § 81-1302. While a petition which merely alleges that the plaintiff was injured as a result of the defendant's negligence, without specifying the acts of negligence on which recovery is predicated, is subject to demurrer and if not perfected by amendment will be dismissed, nevertheless, a petition which specifies a plaintiff, a defendant, a particular transaction capable of identification, and that the plaintiff was damaged in a named sum as the result of injuries sustained at such time and place resulting from an automobile collision due to the defendant's negligence, is a petition not entirely without life, and may be amended by setting out with particularity the injuries received by the plaintiff and the acts of negligence charged against the defendant. An amendment thus curing the defects of the original petition is not subject to disallowance on the ground that there is nothing to amend by, and, after it is allowed, and the defects of the petition are thereby cured, it is not error to overrule the general demurrers. *Central R. & Bkg. Co.* v. *Denson,* 83 *Ga.* 266 (1) (9 S. E. 788); *Southern Ry. Co.* v. *Ward,* 110 *Ga.* 793 (1) (36 S. E. 78); *Columbia · Mining Co.* v. *Wellmaker,* 118 *Ga.* 606 (1) (45 S. E. 455); *Seaboard Air-Line Ry.* v. *Pierce,* 120 *Ga.* 230 (47 S. E. 581); *Atlanta, 'K. & N. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (1) (49 S. E. 818). The trial court did not err in overruling the general demurrers to the petition as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 18, 1956.

*Joe Salem,* for plaintiff in error.

*G. Ernest Tidwell, Claude R. Ross,* contra.