## 38729. DAVIS v. TRUSTEES OF THE POLICEMEN'S PENSION FUND.

426

Decided March 17, 1961—Rehearing denied March 31, 1961.

*Sheats, Parker & Webb, Guy Parker,* for plaintiff in error.

*J. C. Savage, Edwin L. Sterne, Robert F. Lyle,* contra.

Carlisle, Judge. The plaintiff in error, the widow of LeRoy O. Davis, deceased, applied to the board of trustees of the policemen's pension fund of the City of Atlanta for a widow's pension. The board denied her the pension applied for, and in due time she appealed to the Superior Court of Fulton County. Pending the hearing of the case in that court, the parties, that is, Mrs. Davis as appellant, and the board of trustees as appellee, filed in the superior court a stipulation of facts respecting Mrs. Davis' claim, the material provisions of which are as follows: The defendant board is the body charged with administering the policemen's pension fund of the City of Atlanta under the provisions of the act approved February 15, 1933 (Ga. L. 1933, pp. 213-222), as amended, which act applies to the City of Atlanta; that LeRoy O. Davis was employed as a policeman by the City of Atlanta on March 5, 1940, and became a member of the policemen's pension fund on that date; that he was on active duty with the police department of the City of Atlanta from that date until July 15, 1957, at which time he was granted a leave of absence on his voluntary application in order that he might take a job with the State of Georgia as a probation officer, where he received more compensation and where he worked until the time of his death which occurred as the result of his suffering a heart attack on November 23, 1959; that from July 15, 1957, until the time of his death Davis performed no compensble act or services for the police department of the City of Atlanta and at the time of his death he was actively employed by the State of Georgia as a probation officer of Fulton County; that during his 17 years of service as a police officer of the City of Atlanta, Davis paid into the policemen's pension fund all sums which he was obligated to pay; that the applicant is his legal widow within the meaning and intent of the act establishing the fund and that none of the funds so paid in by Davis were refunded to him prior to his death. The sole question presented by the ap-

peal was whether under the facts stipulated and under the provisions of law applicable to the case the applicant was entitled to receive a pension as the widow of LeRoy O. Davis on account of his 17 years of active service in the police department and as a member of the policemen's pension fund of the City of Atlanta.

The act in question and as amended by Section VI of the act approved March 26, 1947 (Ga. L. 1947, pp. 675, 679) provides that the widow of any member of the pension fund or of any pensioner thereunder who dies while not in the line of duty shall be paid during the rest of her life or until she remarries three-fourths of the pension that the member, or pensioner, would have been entitled to if he himself had applied for a pension at the time of his death, and that such pension shall be graduated according to the length of service of the deceased husband before his retirement on account of disability. The provisions of this section make it clear that if Mr. Davis would have been entitled to a pension on account of disability at the time he suffered the heart attack and died, then his widow is entitled to a pension, and otherwise not. The answer to the question thus posed, then, turns upon the solution of the further question as to whether, under the circumstances of this case, if he had lived, Davis would have been entitled to receive a disability pension graduated according to the length of his active service on the police force and as a member of the policemen's pension fund of the City of Atlanta. In resolving these questions, it is, of course, axiomatic that rudimentary rules of statutory construction must be applied and that the court must look to the wording of the statute to ascertain the legislative intent (*Code* § 102-102; *Roberts v. State*, 4 Ga. App. 207 (1), 60 S. E. 1082), and the law should be construed in the light, not only of what it contains, but in the light of its omissions and what it does not contain. See 82 C. J. S. 553, Statutes, § 316b.

The act approved February 15, 1933 (Ga. L. 1933, p. 213 et seq.) provides that, "From and after the passage of this Act there shall be raised and established funds for the relief and pensioning of members of the police departments in said cities [cities in the State of Georgia having a population of more than

150,000 according to the last census of the United States or any subsequent census thereof] who are in active service at the time of the passage of this Act and whose names are now on the payroll of such departments and future members of such departments and their dependents," and, "that every member of such police department who has stood civil-service examination and has been passed by the civil service board and whose names are on the payroll of such police department at the time of the passage of this Act and future members of such departments may *as a matter of right* retire from active service, provided he shall have served twenty-five (25) years in active service at the time of his retirement; and the time of service shall be counted from the time said policeman was sworn in as a member of such department." (Italics supplied). By Section 5 of that act, it is further provided, "That should a member of such police department be suspended for cause, or should he be on leave of absence from said police department without pay, this time so spent under suspension or on leave without pay shall not be counted in the time required to be retired because of twenty-five years service in such department under the provisions of this Act; and that such time so lost because of suspension or time spent on leave of absence shall be made up by the policeman, as it is the intention of this Act to require twenty-five years active service before *retirement*." (Italics supplied.) Giving to the act the liberal construction to which it is entitled in view of the beneficent purpose for which it was enacted (*Executors of Henderson v. Alexander*, 2 Ga. 81, 85; *Willis v. Fincher*, 68 Ga. 444, 445 (1)), this provision, being restrictive of the rights granted by the act generally, must be strictly construed and its application to the provisions of the law for computing the time of service necessary to be accrued for retirement will not be extended to limit the right of a member of the policemen's pension fund to draw a pension on account of permanent disability as provided in Section IV of the act.

This latter section was amended by section 4 of the act approved March 8, 1945 (Ga. L. 1945, p. 1067, et seq.) by having added thereto the following provision relating to pensioning of policemen for total disability received outside the line of

duty after 10 years of service: "Any member of said pension fund who shall hereinafter become, because of accident, injuries or illness outside of police duties, and not from his own indiscretion, totally and permanently disabled within the meaning of said term as defined by law, he may apply for a disability pension and if such pension is approved by a majority of the Board of Trustees the same shall be granted upon the following conditions: No person shall be granted any pension whatsoever for such disability until such person has been in the employment of the department for a period of 10 years. Such person shall be entitled to receive as a pension such percentage of the full pension provided for as his years of service bears to 25 years." It is in connection with this section that the provisions referred to above respecting the payment of pensions to widows (Section VI of the act approved March 26, 1947, Ga. L. 1947, pp. 675, 679) must be construed. Neither of these sections of the law, nor any other provision thereof, contains any reference to the forfeiture by a member of the pension fund of his rights to a pension on account of disability merely by reason of his taking a leave of absence from his job. The manifest intent of the act is that every member of the police department whose name was on the payroll at the time the original act was enacted and all future members of such department may as a matter of right be entitled to a pension on retirement after 25 years of service and to a pro rata amount on retirement on account of disability after less than 25 years of service, but more than 10 years of service.

The act further makes provisions for contributions to the pension fund by its members and provisions for a refund of such contributions less ½ of 1 percent per year in the event of a withdrawal of the member from the fund. It was stipulated in this case that no sums paid into the pension fund by Mr. Davis had been refunded to him prior to his death. Under the facts stipulated in this case, Mr. Davis, at the time of his death, had not been separated from service as a policeman in the City of Atlanta. He had not withdrawn as a member of the pension fund. He was merely on a leave of absence. "A leave of ab-

sence from the service is not a separation from the service. Apart from any extrinsic consideration, the natural meaning of the phrase 'leave of absence' is not that the one on leave is no longer a member of the police department, or, in other words, is separated from the department, but rather that such one, while still a member of the department, is temporarily excused from performing his active duties as a policeman in the department, during which time remuneration is suspended." State ex rel. Cutright v. Akron Civil Service Commission, 95 Ohio App. 385 (120 N. E. 2d 127, 130). To the same effect see Bowers v. American Bridge Co., 43 N. J. Super. 48 (127 A. 2d 580, 585).

It follows that when Mr. Davis took a leave of absence from the police force of the City of Atlanta after 17 years of active service, in the absence of facts clearly evidencing an intent on his part to withdraw from the fund and to resign permanently from the force, he did not lose his right to a pension under the provisions of the law providing for pensioning on account of disability occurring out of the line of duty, and that had he merely become disabled on November 23, 1959, rather than dying on that date, he would have been entitled to have applied for and received a pension based on 17/25 of the pension to which he would have been entitled had he had 25 years of active service, and his widow is entitled to receive a pension based on ¾ of the amount to which he would have been entitled. The board of trustees erred in denying Mrs. Davis a pension, and the judge of the superior court erred in affirming that order on appeal.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*