39236. SCOTT v. OXFORD, Commissioner.

DECIDED JANUARY 19, 1962—REHEARING DENIED
FEBRUARY 15, 1962.

*Olon E. Scott,* for plaintiff in error.

*Eugene Cook, Attorney-General, Louis F. McDonald, Assistant Attorney-General,* contra.

CUSTER, Judge. ■ Prior to the act of 1961 (Ga. L. 1961, p. 190), certiorari proceedings were not amendable and the failure to file a proper bond resulted in the dismissal of the case because the petition was in such circumstances absolutely void. *Hamilton & Co. v. Phenix Ins. Co.,* 107 Ga. 728 (33 SE 705). The act amending certiorari procedure substituted a new Code Section (*Code Ann.* § 19-403), as follows: "Certiorari proceedings shall be amendable at any stage, as to matters of form or substance, both as to the petition, bond, answer and traverse and a valid bond may by amendment be substituted for a void bond or no bond at all." Procedurally, then, the course adopted by the plaintiff in error was correct unless, as urged, this results in giving the amendatory act an inhibited retrospective effect. We do not have a situation where an amendment was offered at a time when such action was not permitted by law, and a statute, passed subsequently to such action, is urged for the purpose of validating it, which would be a retrospective application of the law. Nor do we have a situation where any contract, title, or substantive right of the opposite party has accrued, a divestiture of which would impair his vested interests. At the time the amendment was offered for the purpose of adding a bond, this was specifically recognized by law as a proper procedure. Statutes which do not interfere with the substantive rights of the citizen are not void because retrospective. Specifically, statutes which merely effect changes in the procedure of the courts, apply to cases pending at the time of their passage. See *Willis v. Fincher,* 68 Ga. 444, where it was held that a gar-

nishee summoned to answer a garnishment in a justice's court at a time when the answer must be filed within 10 days was relieved from so doing where the time for making answer was extended by a law passed after the filing of the garnishment, the pleading being filed within the extended time. In *Baker v. Smith*, 91 Ga. 142 (1) (16 SE 967) it was held that the repeal of a statute, providing that an amendment to an execution which had been levied would cause the levy to fall, applied to pending cases so that the execution, although amended after levy, was good. In *Godwin v. Hudson*, 94 Ga. App. 491 (1) (95 SE2d 291) it was held that, as to a petition filed in the Civil Court of Fulton County in 1955, the 1956 act extending the time for filing bills of exceptions in that court from 15 days to 30 days applied to the pending action, and the bill of exceptions was not subject to dismissal because presented 17 days after the date of the judgment complained of. For a thorough discussion of the applicability of procedural changes to pending actions, see *Pritchard v. Savannah &c. R. Co.*, 87 Ga. 294 (13 SE 493, 14 LRA 721), where the following is quoted at page 299: "No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defense in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy." In *Seaboard Airline Ry. Co. v. Benton*, 175 Ga. 491 (165 SE 593) relied upon by the defendant in error, there is the following language contrary to his contentions quoted from 25 R.C.L. 791, § 38: "A law prescribing the form of pleadings will apply to all pleadings filed after its enactment, although the action is begun before that time."

Counsel for the defendant in error contends that under authority of *Hamilton & Co. v. Phenix Ins. Co.*, 107 Ga. 728, supra, and similar cases, the petition for certiorari, filed without bond

attached, was absolutely void because, as stated therein: "As there was no legal writ of certiorari, there was really no case at all lawfully before the superior court." The reason for this language, as stated in that decision, is that the Code (now *Code* § 19-206) provides that "*Before* any writ of certiorari shall issue . . . the party applying for the same . . . shall give bond and good security." The early cases say that this defect, not being amendable, results absolutely in dismissal.

*Code* § 19-206 remains unchanged under the new law. It still reads that, *before* the writ shall issue, there must be bond and good security. But the act added a new *Code* § 19-403, providing that a valid bond may be supplied by amendment. Thus, until amendment, the petition is equally lifeless under either the old or the new law. The only difference is that now a right to amend exists, and when that right is exercised, it does result in breathing life into what was completely lifeless before. It does this as to applications for certiorari filed after the 1961 statute as well as to cases filed before the statute. The new statute does not change the old law, but it adds to it by providing a method of resuscitation not formerly existing. That method, being procedural, comes within the exception as to retrospective legislation.

The law is remedial and should be liberally construed. Further, it affects no substantive right of the defendant, but only a procedural method. As stated in Bowles v. Strickland, 151 F2d 419, 420: "As this amendment did not affect substantive rights, but related only to the procedural machinery provided to enforce such rights, it applied to pending as well as future suits. See 50 Am. Jur. 505, § 482. A suit in process of appeal . . . is a pending suit." In like manner, it was held in *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766 (1) (115 SE2d 374) that although there was no procedure in Georgia courts for summary judgment at the time the petition was filed, such procedure, upon its passage, became applicable to all pending suits because it was remedial and procedural in nature "by curing defects and adding to the means of enforcing existing obligations." The statute under consideration here has for its obvious

purpose the curing of certain procedural defects inherent in the former certiorari mechanism by allowing amendments at any stage of the appeal.

■ *Code* § 19-206 provides that before any writ of certiorari shall issue, the applicant shall give bond and good security conditioned to pay the adverse party in the cause the eventual condemnation money together with all future costs. Under *Code* § 19-207 the party authorized to take the bond and security may compel the security tendered to justify upon oath. The party taking the bond in the present case was the State Personnel Board, by a majority of its members. Nothing in the law gives the Board the right to delegate its right to justification by the surety to any other officer. It alone has the power to approve or disapprove the bond, and such authority cannot be exercised even by a judge of the superior court (*Clark v. Morris Plan Bank*, 194 Ga. 522, 22 SE2d 147), or by the clerk of the trial court (*Tippins v. DeLoach*, 9 Ga. App. 362, 71 SE 497). Where there is no approval of the bond by the judicial officer, the writ must be dismissed. *Dykes v. Twiggs County*, 115 Ga. 698 (1) (42 SE 36). It was contended by the second objection to the amendment of the petition for certiorari that the words in the certificate attached to the bond and signed by the Personnel Board, as follows: "The foregoing and within bond . . . is hereby approved . . . subject to the approval of the surety and security on said bond by the Clerk of the Superior Court of Fulton County" is not an unqualified approval of the bond, for which reason the petition is subject to dismissal. The language shows an approval of the bond by the inferior tribunal plus an unauthorized attempt by it to delegate its right to compel the security named therein to justify to an unauthorized person, i.e., the clerk of the superior court. This the Board might have done itself, but it chose not to, and so far as it was concerned it did in fact approve the bond. This bond was given in compliance with a statute setting out its terms and conditions, and the only question at issue is whether the unauthorized matter included therein renders the bond void in toto, or whether only such condition becomes inoperative. The question has been decided in *St. Paul-Mercury Indem. Co. v. Koppers*

*Co.,* 95 Ga. App. 687, 696 (99 SE2d 275) where it was held: "If the bond was a statutory bond, that is, one made in compliance with the requirements of a particular law, the condition was not valid unless that particular law authorized its inclusion in the bond. The validity of a bond given in compliance with a statute, and which meets the requirements of the statute, is not affected or its nature changed by the inclusion in the bond of a condition that is either not authorized or is repugnant to the statute, except in the instances where the law expressly provides that a bond not made strictly in accordance with the statute is void. . . No law declares that a bond given in compliance with *Code* § 23-1705 but which included a condition not authorized by the statute is void or invalid." See also *Collins v. U. S. Fidelity &c. Co.,* 72 Ga. App. 875, 880 (35 SE2d 474); *Talmadge v. General Cas. Co. of America,* 88 Ga. App. 234 (1) (76 SE2d 562); *Campbell v. Benton,* 217 Ga. 368 (122 SE2d 223).

Likewise, no law requires that a bond given pursuant to *Code* § 19-206 shall be void if it includes a provision not authorized therein. To so hold would render it almost impossible for an appellant to perfect his certiorari proceedings in the event that the inferior judicatory insisted on inserting matter not authorized by the statute for some particular reason of its own. It is suggested that the rule relating to conforming the provisions of statutory bonds to statute law is irrelevant because we are not concerned here with a *provision of the bond* but rather with a provision in the *approval of the bond.* The distinction exists in fact but seems without validity as to changing the result. The acceptance and approval of the bond may be shown indifferently by a condition in the bond itself or by one affixed thereto in the form of a certificate. *Hester v. Keller,* 74 Ga. 369. If a bond not properly approved is void, then the approval is one of the essentials to the existence of the bond, and the same rule should apply to the approval as to the other terms and conditions therein expressed. It follows that this bond, which was approved by the Personnel Board, was a sufficient bond and the objections urged against it are without merit.

The judge of the superior court erred in disallowing the

308

amendment to the petition for certiorari and dismissing the case. *Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*