### A05A1151. DUTY FREE AIR & SHIP SUPPLY, INC. v. ATLANTA DUTY FREE, LLC.
(620 SE2d 616)

JOHNSON, Presiding Judge.

The City of Atlanta requested proposals from firms seeking to operate a duty-free shop in the international concourse of Hartsfield-Jackson Atlanta International Airport. Duty Free Air & Ship Supply, Inc. (DFASS), and Atlanta Duty Free, LLC (ADF), submitted the only proposals. An evaluation committee ranked ADF's proposal ahead of DFASS's proposal and submitted its findings to Benjamin DeCosta, the airport's general manager. DeCosta, however, recommended DFASS as the best proponent to Adam Smith, the city's chief procurement officer. Smith agreed with DeCosta's recommendation and selected DFASS as the best proponent.

ADF appealed Smith's decision to an administrative hearing officer, who affirmed the decision. ADF then filed a petition for a writ of certiorari in superior court. DFASS and the city moved to dismiss the petition because it was not accompanied by a bond as required by

---

[9] See *Ziegler v. State*, 270 Ga. App. 787, 789 (1) (608 SE2d 230) (2004).
[10] See *Gibson*, supra at 475-476.

OCGA § 5-4-5. In response, ADF filed a $250 bond by amendment, although it was not signed by the administrative hearing officer.

The superior court granted ADF's petition for a writ of certiorari, finding that all the statutory requirements for issuance of the writ had been satisfied. The court subsequently reversed the decision of the hearing officer. DFASS applied to this court for discretionary review of the superior court's rulings, and that application was granted.

1. DFASS argues that the superior court erred in issuing the writ of certiorari in light of ADF's failure to post the mandatory bond. We agree because OCGA § 5-4-5 (a) plainly states that before a writ of certiorari may be issued, the party applying for the writ must file a bond with the petition.

> Before any writ of certiorari shall issue, except as provided in subsection (c) of this Code section, the party applying for the same, his agent, or his attorney shall give bond and good security, conditioned to pay the adverse party in the case the sums sought as an award to be recovered, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject matter of [the] complaint that all costs which may have accrued on the trial below have been paid. The bond and certificate shall be filed with the petition for certiorari, and security on the bond shall be liable as securities on appeal.[1]

It is undisputed that ADF did not file a bond along with its petition for a writ of certiorari. ADF claims, however, that it was not required to file a bond because the hearing officer waived the bond requirement. While it is true that the hearing officer did give an affidavit purporting to waive the bond requirement on the ground that no party was seeking damages from ADF, the hearing officer had no authority to provide such a waiver.

First, the mere fact that DFASS was not seeking damages from ADF was not a valid basis for waiving the bond requirement because the plain language of OCGA § 5-4-5 (a) provides that the posted bond shall cover not only damages, but also *all future costs*. Moreover, that Code section refers to just one exception to the bond requirement. That exception is set forth in subsection (c), and applies only where the party seeking the writ files an affidavit of indigence.[2] There is no such affidavit in this case.

---

[1] OCGA § 5-4-5 (a).
[2] OCGA § 5-4-5 (c) provides:

In support of its claim that the hearing officer had the authority to waive the bond requirement on the ground that no damages were being sought, ADF cites the cases of *Clark v. Morris Plan Bank*[3] and *Scott v. Oxford*.[4] But neither of those cases gives such authority to the hearing officer. Rather, they simply stand for the proposition that only the lower tribunal which originally heard the case, not the superior court considering the certiorari petition, has the power to approve or disapprove the required bond.[5] That proposition is merely consistent with OCGA § 5-4-5 and in no way justifies the hearing officer's purported waiver of the bond requirement in this case.

ADF further argues that even though it did not file a bond contemporaneously with the certiorari petition, it did, after DFASS had moved to dismiss the petition, file a $250 bond by amendment, which satisfies the bond requirement of OCGA § 5-4-5. Indeed, certiorari proceedings are amendable at any stage and "a valid bond may by amendment be substituted for a void bond or no bond at all."[6]

ADF, however, did not file a valid bond by amendment. The $250 bond that it filed was not signed or approved by the hearing officer. Rather, ADF acknowledged to the superior court that it alone had selected the $250 amount because it seemed like a reasonable estimate of all future costs.

In order to render a certiorari bond effectual, it must be approved by the judge of the court in which the case was originally tried.[7] As noted above, even the cases relied upon by ADF provide that only the lower tribunal has the power to approve or disapprove the bond.[8] Since the hearing officer who originally ruled upon this case did not approve ADF's $250 bond by amendment, it is invalid.

The failure to give a valid bond under OCGA § 5-4-5 renders the petition for certiorari void.[9] And until a valid bond by amendment is made, the petition is lifeless.[10] Because ADF did not file a valid bond contemporaneously with its petition or a valid bond by amendment, the petition was lifeless and the superior court should have dismissed

---

If the party applying for the writ of certiorari makes and files with his petition a written affidavit that he is advised and believes that he has good cause for certiorari to the superior court and that because of his indigence he is unable to pay the costs or give security, as the case may be, the affidavit shall in every respect answer instead of the certificate and bond above-mentioned.

[3] 194 Ga. 522 (22 SE2d 147) (1942).

[4] 105 Ga. App. 301 (124 SE2d 420) (1962).

[5] *Clark*, supra at 523; *Scott*, supra at 306 (2).

[6] OCGA § 5-4-10.

[7] *Dykes v. Twiggs County*, 115 Ga. 698, 699-700 (42 SE 36) (1902).

[8] *Clark*, supra; *Scott*, supra.

[9] *Bickers v. Ga. Real Estate Comm.*, 89 Ga. App. 815, 822 (81 SE2d 535) (1954).

[10] *Scott*, supra.

it. The superior court's erroneous granting of the petition and subsequent reversal of the hearing officer's ruling must therefore be reversed.

2. Because of our holding in Division 1, we need not address DFASS's remaining enumerations of error.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 2005 —

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Michael B. Terry, Bauer & Deitch, Henry R. Bauer, Jr., Mary C. Cooney,* for appellant.

*Smith, Currie & Hancock, George D. Wenick, Robert B. Caput, Tamara N. Baines,* for appellee.