A07A2454. BUCKLER et al. v. DeKALB COUNTY.
A07A2455. DRUID HILLS CIVIC ASSOCIATION, INC. et al. v. DeKALB COUNTY.
(659 SE2d 398)

ANDREWS, Presiding Judge.

H. Robert Buckler and Tony McCullar (the Petitioners) petitioned the DeKalb County Superior Court pursuant to OCGA § 5-4-1 et seq. for writ of certiorari to review the decision of the DeKalb County Zoning Board of Appeals denying their application for zoning variances for a residential development located in the Druid Hills

area in DeKalb County. In Case No. A07A2454, the Petitioners appeal from the superior court's order dismissing their petition. In Case No. A07A2455, the Druid Hills Civic Association, Inc., along with Chris Wagner and Christine Mitchell as neighboring property owners in Druid Hills, cross-appeal from the superior court's orders denying their motions brought pursuant to OCGA § 9-11-24 to intervene in the proceedings as a matter of right or permissively. For the reasons stated below, we reverse the dismissal of the petition in Case No. A07A2454. In Case No. A07A2455, we affirm the superior's court's denial of the motions to intervene as a matter of right pursuant to OCGA § 9-11-24 (a), vacate the court's denial of applications for permissive intervention pursuant to OCGA § 9-11-24 (b), and remand the case for the court to address the claims for permissive intervention.

1. At issue in the Petitioners' appeal in Case No. A07A2454 is whether the renewal provisions of OCGA § 9-2-61 (a) entitled them to dismiss their timely filed petition for writ of certiorari, then renew the petition after the expiration of the applicable limitation period. Pursuant to OCGA § 9-2-61 (a), a case commenced within the applicable limitation period may be dismissed and recommenced within six months even if the limitation period has expired. The privilege of dismissal and renewal under OCGA § 9-2-61 does not apply to a case dismissed on the merits or to a case which was void when dismissed, but it does apply if the dismissed case was merely voidable. *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). "A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized . . . [but] unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." Id. It is settled that the renewal provisions of OCGA § 9-2-61 apply to certiorari cases brought pursuant to OCGA § 5-4-1 et seq. *Bass v. City of Milledgeville*, 121 Ga. 151, 152 (48 SE 919) (1904); *Schaffer v. City of Atlanta*, 151 Ga. App. 1, 2-3 (258 SE2d 674) (1979), rev'd on other grounds, *City of Atlanta v. Schaffer*, 245 Ga. 164 (264 SE2d 6) (1980). Certiorari proceedings are considered "special statutory proceedings" subject to the provisions of the 1966 Civil Practice Act, except to the extent that specific rules of practice and procedure conflict with the Act. *Hudson v. Watkins*, 225 Ga. App. 455, 456 (484 SE2d 24) (1997).

The Petitioners filed their first petition for writ of certiorari on June 8, 2005, within the 30-day limitation period of OCGA § 5-4-6 (a). Pursuant to OCGA § 5-4-5, the petition was required to be filed with a bond approved by the judicial officer who heard the case, unless the petition was filed with an affidavit from the Petitioners stating that they were indigent and unable to pay costs or give security. *Dykes v. Twiggs County*, 115 Ga. 698 (42 SE 36) (1902); *Duty Free Air & Ship*

*Supply v. Atlanta Duty Free*, 275 Ga. App. 381 (620 SE2d 616) (2005). The Petitioners did not file an affidavit of indigency with the petition, so the petition was required to be filed with a bond approved by a Zoning Board officer who heard the variance application case in the exercise of the Board's judicial powers. OCGA § 5-4-5; *Dykes*, 115 Ga. at 699-701; *Jackson v. Spalding County*, 265 Ga. 792 (462 SE2d 361) (1995) (board of appeals exercises judicial powers when deciding a variance request).

Although the Petitioners filed with the petition a document purporting to be the bond required by OCGA § 5-4-5, it was not approved by an officer who heard the variance request, so it was not a valid bond and did not satisfy the requirement for a bond accompanying the petition. *Dykes*, 115 Ga. at 699-701; *Duty Free*, 275 Ga. App. at 383. Prior to the 1961 enactment of OCGA § 5-4-10, "certiorari proceedings were not amendable and the failure to file a proper bond resulted in the dismissal of the case because the petition was in such circumstances absolutely void." (Citation omitted.) *Scott v. Oxford*, 105 Ga. App. 301, 303 (124 SE2d 420) (1962). Under OCGA § 5-4-10, the Petitioners had the right to amend the certiorari proceedings as to form or substance at any stage, including the right to amend by substituting a valid bond for a void bond or no bond at all. Nevertheless, without amending the petition to substitute or give a valid bond, the Petitioners voluntarily dismissed their first petition on August 17, 2005. On August 22, 2005, after the 30-day limitation period in OCGA § 5-4-6 (a) had expired, the Petitioners filed a second petition in the DeKalb County Superior Court for writ of certiorari seeking review of the same decision of the Zoning Board denying the same zoning variances. The Petitioners alleged that the second petition was timely filed after the expiration of the limitation period because it was filed as a renewal of the second petition under the renewal provisions of OCGA § 9-2-61 (a). The second petition was also filed without a valid bond, but the Petitioners amended the petition pursuant to OCGA § 5-4-10 to substitute a valid bond.

DeKalb County, the "opposite party" in the certiorari petition under OCGA § 5-4-6 (b), moved for dismissal of the second petition on the basis that it was not timely filed within the 30-day limitation period in OCGA § 5-4-6 (a), and that the second petition was not a renewal of the first petition under OCGA § 9-2-61 because the first petition was void when it was dismissed. The superior court erred by granting this motion and dismissing the second petition. Because the lack of an approved bond with the first petition was a defect correctable by amendment, for purposes of the renewal provisions of OCGA § 9-2-61 (a), the first petition was a valid action which was merely

voidable and not void. OCGA § 5-4-10; *Hobbs*, 264 Ga. at 360; *Motorcycle Stuff v. Bryant*, 182 Ga. App. 554, 555 (356 SE2d 521) (1987).[1] There being no judicial determination that dismissal was required for lack of an approved bond, the Petitioners were entitled to voluntarily dismiss the first petition and rely on OCGA § 9-2-61 (a) as authority to file the second petition after expiration of the 30-day limitation period. *Hobbs*, 264 Ga. at 360.

2. In Case No. A07A2455, the Druid Hills Civic Association, Inc. and Druid Hills property owners, Chris Wagner and Christine Mitchell (collectively referred to as the Applicants), claim the superior court erred by denying their applications to intervene in the certiorari proceedings as a matter of right pursuant to OCGA § 9-11-24 (a) (2), or permissively pursuant to OCGA § 9-11-24 (b) (2).[2]

Upon timely application, anyone shall be permitted to intervene in an action as a matter of right pursuant to OCGA § 9-11-24 (a) (2)

> [w]hen the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, "[t]his section requires a three-fold showing of (1) interest, (2) potential impairment, and (3) inadequate representation." *DeKalb County v. Post Properties*, 245 Ga. 214, 219 (263 SE2d 905) (1980). Under the permissive intervention provisions of OCGA § 9-11-24 (b) (2), anyone upon timely application may be permitted to intervene in an action "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." When the court exercises its discretion as to permissive intervention, section 9-11-24 (b) further provides that "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The Applicants filed applications for intervention in November 2005 and March 2007, both of which sought to intervene as a matter of right pursuant to OCGA § 9-11-24 (a) (2), or permissively pursuant

---

[1] *Duty Free*, 275 Ga. App. at 383, which refers to a petition for certiorari without a valid bond as void, does not hold to the contrary. That case did not deal with the renewal provisions of OCGA § 9-2-61 (a). We held that the superior court should have granted a motion to dismiss a petition for certiorari as void because no valid bond was filed with the petition or supplied by amendment. Id. at 383-384.

[2] We do not deal here with intervention as a matter of right under a statute which confers an unconditional right to intervene (OCGA § 9-11-24 (a) (1)), or permissive intervention under a statute which confers a conditional right to intervene. OCGA § 9-11-24 (b) (1).

to OCGA § 9-11-24 (b) (2). In denying the first application, the superior court held in effect that, even assuming the Applicants satisfied the first two requirements for intervention as a matter of right under OCGA § 9-11-24 (a) (2) — interest and potential impairment — they failed to satisfy the third requirement by showing that their interests were inadequately represented by existing parties. The court's order denying the first application did not address the Applicants' claim for permissive intervention under OCGA § 9-11-24 (b) (2). The court's subsequent order denying the second application for intervention simply noted that it had already ruled and reaffirmed the prior order.

In support of the intervention applications, the Applicants asserted that they have a strong interest in upholding the Zoning Board's denial of the application for zoning variances for the subject property, because said variances, if granted, would be contrary to applicable zoning ordinances, and would adversely affect the character of the neighborhood. They claimed that intervention is necessary to ensure that the certiorari proceedings are vigorously defended, because DeKalb County is not sufficiently concerned with upholding the decisions of its Zoning Board; has failed to assert numerous defenses that they believe are available and meritorious, and has stipulated to a record in the certiorari proceedings that fails to include important evidence submitted by the Applicants to the Zoning Board.

There is no basis for concluding that DeKalb County has abandoned any defenses in the certiorari proceedings, or that the County lacks the motivation to represent its own interests and the Applicants' interests in upholding the decision of the Zoning Board. In fact, the County filed a motion to dismiss the certiorari proceedings, which was granted by the superior court and reversed by this Court in Case No. A07A2454, supra. Even if the County did not assert other defenses before it obtained the dismissal, nothing prevents it from doing so when the case is returned to the superior court. As to important evidence the Applicants claim was omitted by stipulation from the record, the "evidence" consists primarily of argument made by the Applicants to the Zoning Board that the application for variances violated the zoning ordinances and should be denied. There is no evidence that DeKalb County has stipulated to omission of evidence from the record necessary to address the issues presented in the certiorari proceedings.

The issue of inadequacy of representation presents a question of fact for the court, and we find no error in the superior court's finding that the Applicants failed to show that their interests were inadequately represented. *Southwest Ga. Production Credit Assn. v. Wainwright*, 241 Ga. 355, 356 (245 SE2d 306) (1978). For members of

the public to intervene in an action where a governmental entity represents the public interest, there must be "a very strong showing of inadequate representation." (Citation and punctuation omitted.) *Post Properties*, 245 Ga. at 219. Moreover,

> where the interest of the intervenor is identical to that of a governmental body or officer who is a named party, it will be assumed that the intervenor's interests are adequately represented, absent a concrete showing of circumstances in the particular case that make the representation inadequate.

(Citation, punctuation and footnote omitted.) Id. Here, the Applicants' interests in seeing that the Zoning Board's denial of the application for zoning variances is upheld does not differ from the County's interest in the certiorari proceedings to seek affirmance of the Zoning Board's decision. Because the Applicants failed to make the necessary showing that their interests are inadequately represented in the certiorari proceedings, the superior court did not err by denying their applications to intervene in the proceedings as a matter of right pursuant to OCGA § 9-11-24 (a) (2).

As to the claim that the superior court erred by denying the applications to permissively intervene in the certiorari proceedings pursuant to OCGA § 9-11-24 (b) (2), a claim for permissive intervention addresses itself to the sound discretion of the court, and we will not reverse the court's decision absent abuse of discretion. *Shoemake v. Woodland Equities*, 252 Ga. 389, 394 (313 SE2d 689) (1984). Because the court's orders denying the applications for intervention did not address this claim, we are unable to determine whether the court properly exercised its discretion. Accordingly, to the extent the court's orders denied applications for permissive intervention, the orders are vacated, and the case is remanded for the court to address these claims under OCGA § 9-11-24 (b) (2) in accordance with this opinion.

*Judgment reversed in Case No. A07A2454. Judgment affirmed in part, vacated in part, and case remanded in Case No. A07A2455. Ellington and Adams, JJ., concur.*

DECIDED MARCH 7, 2008 —

*Linda I. Dunlavy*, for appellants (case no. A07A2454).
*Robert H. Benfield, Jr.*, for appellants (case no. A07A2455).
*Morriss, Lober & Dobson, Michael J. Lober, Melanie F. Wilson, Duane D. Pritchett*, for appellee.