**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 13, 2020**

# In the Court of Appeals of Georgia

A20A1517. WHEELER v. BEST.

MCFADDEN, Chief Judge.

This appeal contests the dismissal of a petition for certiorari to superior court from a municipal court decision. The superior court dismissed the petition for failure to comply with the bond requirement.

A bond for sums sought for recovery and all future costs must be filed with a petition for certiorari to superior court, and such bond must have been approved by the judicial officer before whom the case was tried in the first instance and whose decision is being challenged. In the absence of such a bond, an affidavit of indigence may instead be filed with the petition for certiorari. Because the required bond or affidavit of indigence was not filed with the petition in this case, the superior court did not err in dismissing the petition. So we affirm.

1. *Facts and procedural posture.*

The Municipal Court of the City of Dublin issued an order finding that property owned by Thomas Wheeler was being maintained in a blighted condition and was subject to a blight tax under city ordinances. Wheeler filed a petition for a writ of certiorari in the Superior Court of Laurens County, seeking review of the municipal court decision. The superior court dismissed the petition because no bond or affidavit of indigence was filed with the petition. Wheeler's application for discretionary appeal to this court was granted, and this appeal followed.

2. *Dismissal of certiorari petition.*

Wheeler contends that the superior court erred in dismissing his certiorari petition based on the absence of a bond or affidavit of indigence. We disagree.

"OCGA § 5-4-1 *et seq*. governs certiorari to superior court. OCGA § 5-4-1 (a) provides that a writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." *Williams v. City of Douglasville*, 354 Ga. App. 313, 315 (840 SE2d 715) (2020) (punctuation omitted). OCGA § 5-4-3 provides, in pertinent part, that "[o]n the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon, *together with the bond or affidavit, as provided in Code Section*

*5-4-5*, it shall be the duty of the clerk to issue a writ of certiorari[.]" (Emphasis

supplied.) "OCGA § 5-4-5 (a) plainly states that before a writ of certiorari may be

issued, the party applying for the writ must file a bond with the petition." *Duty Free*

*Air & Ship Supply v. Atlanta Duty Free*, 275 Ga. App. 381, 382 (1) (620 SE2d 616)

(2005). OCGA § 5-4-5 (a) provides:

> Before any writ of certiorari shall issue, except as provided in subsection (c) of this Code section, the party applying for the same, his agent, or his attorney *shall give bond and good security*, conditioned to pay the adverse party in the case the sums sought as an award to be recovered, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint that all costs which may have accrued on the trial below have been paid. *The bond and certificate shall be filed with the petition for certiorari*, and security on the bond shall be liable as securities on appeal.

(Emphasis supplied). "[T]he bond given by the plaintiff in certiorari as a condition

precedent to the issuance of the writ should be approved by the magistrate or judge

whose decision is complained of." *Butters Mfg. Co. v. Fraley*, 46 Ga. App. 712, 715

(169 SE 55) (1933). Accord *Roberts v. Citizens Bank*, 62 Ga. App. 584 (8 SE2d 900)

(1940) ("[I]t must appear from the record that the bond required by [OCGA § 5-4-5]

has been duly approved by the judicial officer before whom the case was tried in the

first instance.") (citations and punctuation omitted).

3

OCGA § 5-4-5 (a) "refers to just one exception to the bond requirement[, which] is set forth in subsection (c), and applies only where the party seeking the writ files an affidavit of indigence." *Duty Free Air & Ship Supply*, supra.

> If the party applying for the writ of certiorari makes and files with his petition a written affidavit that he is advised and believes that he has good cause for certiorari to the superior court and that because of his indigence he is unable to pay the costs or give security, as the case may be, the affidavit shall in every respect answer instead of the certificate and bond above-mentioned.

OCGA § 5-4-5 (c). Consequently, "[p]ursuant to OCGA § 5-4-5, [Wheeler's] petition was required to be filed with a bond approved by the judicial officer who heard the case, unless the petition was filed with an affidavit from [Wheeler] stating that [he was] indigent and unable to pay costs or give security." *Buckler v. DeKalb County*, 290 Ga. App. 190, 191 (1) (659 SE2d 398) (2008). But it is undisputed that Wheeler did not file such a bond or affidavit of indigence contemporaneously with his petition for certiorari.

Nevertheless, Wheeler claims that he should have been allowed by the superior court to post a valid bond by amendment. We note that the appellee has cited *Cobb County v. Herren*, 230 Ga. App. 482 (496 SE2d 558) (1998), for the proposition that the failure to file the requisite bond or affidavit is not an amendable defect if the time

4

for petitioning for certiorari has expired. But *Cobb County* does not stand for that proposition regarding a bond or affidavit, and instead it held that the failure to obtain the requisite *sanction* of the appropriate judge was not an amendable defect because it was not expressly listed as such in OCGA § 5-4-10. Id. at 485. ("[T]he language of the legislature in OCGA § 5-4-10 is clear and unambiguous as to what defects are amendable, and sanctioning is not listed.") OCGA § 5-4-10 expressly lists a missing or void bond as an *amendable* defect. "Indeed, certiorari proceedings are amendable at any stage and a valid bond may by amendment be substituted for a void bond or no bond at all." *Duty Free Air & Ship Supply*, supra at 383 (1) (citation and punctuation omitted).

But contrary to Wheeler's claim, he has not shown that the superior denied him the opportunity to file a valid bond by amendment. Rather, Wheeler points to a motion to set aside that he filed after the certiorari petition had been dismissed and that the superior court did not rule upon prior to the filing of this appeal. See *Crippen v. Outback Steakhouse Intl.*, 321 Ga. App. 167, 170 (1) (741 SE2d 280) (2013) (this is a court for the correction of errors of law committed by the trial court, so we do not consider issues not yet ruled on by the trial court). Under these circumstances, Wheeler has failed to show that the superior court committed reversible error.

5

The failure to give a valid bond [or affidavit of indigence] under OCGA § 5-4-5 renders the petition for certiorari void. And until a valid bond by amendment is made, the petition is lifeless. Because [Wheeler] did not file a valid bond [or affidavit of indigence] contemporaneously with [his] petition or a valid bond by amendment [prior to the trial court's dismissal], the petition was lifeless and the superior court [properly] dismissed it.

*Duty Free Air & Ship Supply*, supra at 383-384 (citations omitted). Upon the return of the case to the superior court, any ruling regarding the motion to set aside would be a matter for the trial court to decide in the first instance.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.