McDonald et al. vs. Cousins.

MIDDLETON McDONALD et al. plaintiffs in error, vs. LYDIA COUSINS, defendant in error.

[1.] A certiorari will lie from the decision of the Justices, in a forcible entry and detainer proceedings.

[2.] In such cases, it is the constitutional writ of certiorari which goes against an inferior judicatory, and not the statutory writ provided by the act of 1850.

[3.] When the Justices have answered, and the facts are admitted before the Court, it is allowable to amend the writ by adding the mandate, *nunc pro tunc.*

Certiorari, in Houston.    Heard and decided by Judge Powers, April Term, 1857.

Lydia Cousins instituted proceedings before Richard E. Story and Meredith McCoy, Justices of the Peace, against Middleton McDonald and Hilliard J. Clarke, for forcible entry and detainer, as provided by the 15th section, 9th division of the Penal Code, Acts of 1833.

The case coming on for trial, before the Justices, and a jury drawn and empaneled as directed by said statute, the parties submitted their proofs, and the jury, under the charge of the Justices, returned a verdict for plaintiff; whereupon the defendants excepted, and sued out, from the Superior Court,

a writ of certiorari, asking that Court to review and reverse said verdict:

1st. Because the Justices erred in admitting the testimony of Richard E. Story, on the cross-examination, in regard to the time in which the late Sheriff, Talton, executed his deed to the disputed premises to McDonald, because it brought before the jury the question of title.

2d. Because the Justices erred in permitting counsel for the plaintiff to argue before the jury, that the deed made by the late Sheriff, Talton, to the disputed premises to McDonald, not being executed until after he went out of office, and his successor had qualified, was illegal and void, because it was discussing before the jury a question of title, which they could not legally try.

3d. Because the verdict of the jury was contrary to the law of the case.

4th. Because the verdict was contrary to the evidence in the case.

The Justices responded to the certiorari, and in their answer set out at length the proceedings before them, and all the evidence in the case, on the part, both of plaintiffs and defendant.

At the hearing of the certiorari, counsel for Lydia Cousins moved to dismiss it, upon the grounds:

1st. That the writ of certiorari did not lie in such case; and referred to *Heard vs. Heard.* 18 *Ga. Rep.* 739, in support of this position.

2d. That this writ of certiorari would not lie, because, if petitioners were entitled to the remedy by certiorari, they must apply to the Judge of the Superior Court for his sanction to said writ, and that it could not issue under the act of 21st January, 1850.

Counsel for plaintiff then moved to amend the certiorari,

by having the sanction of the Judge then presiding, added thereto.

The Court refused the amendment, or to give his sanction to the writ, and dismissed the same, holding that certiorari would not lie in this case, and counsel for petitioners excepted.

STUBBS & HILL; WARREN & HUMPHRIES, for plaintiffs in error.

GILES and A. M. SPEAR, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In *Taylor and Gay,* (*20 Ga. Rep.* 77,) this Court held that a certiorari would lie from the decision of the Justices, in a forcible entry and detainer proceeding. We then thought however, that a Court of Justices, *extemporized* to try such cases, was not a Justices Court proper, but, in the language of the Constitution, an Inferior Judicatory. And that, consequently, the certiorari should not be brought under the act of 1850.

In the case before us, every thing was done, except obtaining the previous mandate of the Court, for the writ of certiorari to issue. The answers of the Justices were in, and all the facts before the Court; and we hold, therefore, that the motion to amend should have been allowed.

Judgment reversed.