ELLISON *v.* DOYAL *et al.*

RUSSELL, Chief Justice. 1. Under the provisions of the beer-sales act approved March 23, 1935 (Ga. L. 1935, p. 73), the business of dealing in malt beverages is a privilege upon which is imposed a license or excise tax to be paid for the exercise of this privilege.

2. In order to exercise the privilege of selling beer in a county at any place without the limits of a municipality, a license from the proper county authority is indispensable. The State Revenue Commission can take no action toward permitting the sale of beer by issuing a license therefor until the applicant for license has procured and presents to the commission evidence that the sale of beer has been authorized by the local county authority, either the ordinary or the county commissioners, as the case may be.

3. The court properly denied the application for mandamus absolute to compel the State Revenue Commission to issue a license granting to the applicant for mandamus the privilege of selling beer at a location in Bartow County not in an incorporated municipality, where the applicant had not obtained a license from the proper county authorities of that county.             *Judgment affirmed. All the Justices concur.*

No. 11091. JULY 3, 1936.

George D. Anderson and Blair & Gardner, for plaintiff.

M. J. Yeomans, attorney-general, and B. D. Murphy, for defendants.