32035.   HOWARD *v.* THE STATE.

DECIDED SEPTEMBER 25, 1948.

*Emmett Smith,* for plaintiff in error.

*Earl Staples, Solicitor,* contra.

MacIntyre, P. J. ■ In special ground one it is contended that "the court committed error in charging the jury as follows: 'Gentlemen, in any business where beer or malt beverages may be retailed, our law provides that if such business is located outside of a municipality, the governing authority of such county, wherein such business is located, is authorized to fix an annual license fee.'

"Movant avers that such charge was erroneous and injurious to him because: (a) That there was and is no evidence on which to base said charge as there is no evidence as to whether the home of the accused—the same being the place where accused was charged with illegally possessing the beer—was outside or inside a municipality."

It might be borne in mind that the word "road" is a term of general use in this State used to designate a passageway in the country, outside of municipalities; and that the word "street" is a term of general currency used to designate a passageway in a municipality. It seems to us that the testimony of Lambert that

the accused lived off the road (not a street) that goes from Carrollton to Heard County and that his home was in Carroll County, taken together with the statement of the defendant to the jury that "I have been living in this county two or three years, moved down here in the country," was sufficient evidence to have authorized the jury to find that the defendant's home and the place where he kept the beer for the purpose of illegal sale was in Carroll County and that his home was outside a municipality. Under such testimony there was sufficient evidence on which the judge could base the portion of the charge objected to, and the objection is not meritorious.

■ It is contended in special ground two of the motion for a new trial that the judge should have charged the jury, not only that it was unlawful to offer for sale and to possess for the purpose of sale malt beverages, commonly known as beer, without first obtaining a license as provided in Chapter 58-7 of the Code, but also that the defendant could not be legally convicted of possessing such beer for the purpose of sale unless it contained more than 6 percent of alcohol by volume; and that it was reversible error to fail so to charge.

Section 58-704 of the Code provides: " 'Malt beverages' shall be defined to mean fermented beverages made whole or in part from malt, or any similar fermented beverage. But no such malt beverages shall be sold under the provisions of this Chapter which contain more than six percent of alcohol by volume." This provision, when considered in connection with the other provisions of the prohibition law, means that, if the beer contains more than six percent of alcohol by volume, it can under no circumstances legally be sold in a dry county, with or without a license. Nothing appearing to the contrary, Carroll County is treated as a dry county by virtue of the prohibition law. Hence it is immaterial in this case whether the beer contained more, or less, than six percent of alcohol by volume, for neither type can be sold in a dry county without a license; and that having more than six percent can not be sold in a dry county even with a license. Thus, if the defendant possessed "beer," a malt beverage, for the purpose of sale in a dry county without a license, he would be guilty as charged whether it contained more or less than six percent of alcohol by volume. Hence it was not error to fail to charge that

the defendant could not be convicted unless the malt beverage contained more than six percent of alcohol by volume. This ground is not meritorious. See, in this connection, *Bilbo* v. *State,* 73 *Ga. App.* 680 (37 S. E. 2d, 812) ; *Williams* v. *State,* 73 *Ga. App.* 421 (36 S. E. 2d, 839) ; *Ellison* v. *Doyal,* 182 *Ga.* 803 (187 S. E. 11).

The evidence authorized the verdict.

*Judgment affirmed.   Gardner and Townsend, JJ., concur.*