32947, 32948. SNIPES *v.* HOULIHAN *et al.* (two cases).

DECIDED MAY 2, 1950.

494

*Oliver, Oliver & Davis*, for plaintiff in error.

*John J. Bouhan*, contra.

TOWNSEND, J. (After stating the foregoing facts.) The headnotes in these cases do not require elaboration, and under the authorities cited therein the bills of exceptions must be dismissed.

Counsel for the defendant contends that the legislative enactment under the authority of which the ordinance in question was passed (Ga. L., 1919, p. 605), insofar as it apparently seeks to give to the County Commissioners of Chatham County the power to pass ordinances of a penal character, and enforce the same by fine and imprisonment, is an unlawful delegation of legislative authority and therefore void under the provisions

of our Constitution. In support of this contention he cites the apparently very good authority of *Long* v. *State,* 202 *Ga.* 235 (42 S. E. 2d, 729), *Bibb County* v. *Garrett,* 204 *Ga.* 817 (51 S. E. 2d, 658), and *Glustrom* v. *State,* 206 *Ga.* 734 (58 S. E. 2d, 534). This question was not raised in the trial court and for that reason could not be raised on appeal for the first time. See *Borough of Atlanta* v. *Reynolds,* 43 *Ga. App.* 519 (159 S. E. 609); *Board of Education of Houston County* v. *Board of Trustees of Fort Valley Consol. School Dist.,* 170 *Ga.* 509 (2) (153 S. E. 214). Further, this is a question of which the Supreme Court and not this court has jurisdiction, since it involves the constitutionality of a statute of this State. *Fountain* v. *Ragan-Malone Co.,* 14 *Ga. App.* 287 (80 S. E. 725).

Counsel for the defendant further contends that in any event the Commissioners of Chatham County had no authority to pass an ordinance subjecting a person operating such an establishment to prosecution and punishment thereunder for operating without a license, inasmuch as this offense is covered under a general law (Code, Ann. Supp., §§ 58-726 and 58-732). In this connection he cites the apparently very good authority of *Collier* v. *State,* 54 *Ga. App.* 346 (187 S. E. 843); *Ellison* v. *Doyal,* 182 *Ga.* 803 (2) (187 S. E. 11); *Harbin* v. *Holcomb,* 181 *Ga.* 800 (184 S. E. 603).

The defendant's counsel further contends that, even should the Commissioners of Chatham County have the authority to pass an ordinance defining and punishing disorderly conduct in the manner set forth herein, it does not follow that disorderly conduct is proved merely by the failure of the defendant, who was operating a retail establishment where beer was sold, to summon police officers to his establishment, inasmuch as the ordinance itself does not so declare.

These are considerations which this court is not in position to decide in the present state of the record, for the reasons hereinbefore outlined.

*Bills of exceptions dismissed. MacIntyre, P.J., and Gardner, J., concur.*