### 34069. Reynolds v. The State.

Gardner, P. J. It seems well established that, where a petition for certiorari is refused to be sanctioned by a judge of a superior court, and a bill of exceptions to this court assigns error upon such judgment of refusal, and where, as here, the bill of exceptions does not contain a copy of the petition for certiorari (including the evidence), nor have the same attached thereto, and in either event verified by the judge, and does not set forth the evidence produced on the trial of the case, the bill of exceptions will be dismissed by this court. An unsanctioned petition cannot be specified as a part of the record. In the instant case, the evidence is a material part thereof, and since that part of the certiorari is omitted from this bill of exceptions, there is nothing left for this court to pass upon. *Snipes* v. *Houlihan,* 81 *Ga. App.* 492 (59 S. E. 2d, 253) and cit. See also *McGovern* v. *Trammell,* 14 *Ga. App.* 754 (82 S. E. 318), and cit., and *Phinazee* v. *Godard,* 20 *Ga. App.* 262 (92 S. E. 1014).

*Bill of exceptions dismissed. Townsend and Carlisle JJ., concur.*

Decided May 23, 1952.

*McCord, Holland & Cooper,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, J. E. Thrift, Charlie O. Murphy,* contra.