## 38847.   HITT v. CITY OF ATLANTA.

FRANKUM, Judge.   Mrs. Pearl Walters Hitt entered a plea of guilty in the Municipal Court of Atlanta to a charge that she had violated a penal ordinance of the City of Atlanta. Whereupon she was sentenced on September 22, 1960.   On January 3, 1961, she presented for sanction her petition for writ of certiorari to Hon. George P. Whitman, one of the Judges of the Superior Court of the Atlanta Judicial Circuit, who presided at a hearing held on February 7, 1961, to determine whether or not the petition should be sanctioned. On February 8, 1961, Judge Whitman, by written order, refused to sanction the petition on the ground that the same was not presented within 30 days, as required by law, after the final determination of the case in which error was alleged to have been committed, "to wit: the judgment of the Municipal Court of Atlanta of date September 22, 1960 in said petition complained of"; and it is recited in the order denying sanction of the petition that:   "The court is of the view, and so holds, that it is not within the discretion of the court to sanction a petition for writ of certiorari presented more than thirty days after the final determination of the case in which the error is alleged to have been committed, and the provisions of Code Section 19-209 of the Code of Georgia, Annotated, are absolute and mandatory in respect of the time within which writs of certiorari shall be applied for, and that the provisions of said statute cannot be varied or departed from in the exercise of any judicial discretion, and that judicial discretion cannot be invoked or exercised in such case."   The plaintiff in error assigns as error the refusal of judge Whitman to sanction her petition for writ of certiorari.

*Code Ann.* § 19-209, as it existed in full force and effect at the time the petition for writ of certiorari in this case was presented for sanction and sanction thereof refused, provided: "All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed, and not after; . . ." By Ga. L. 1961, pp. 190, 191, approved March 28, 1961, this Code section was changed in certain particulars, but the above quoted provision, relating to the time within

718

which petitions for writ of certiorari must be applied for, was retained verbatim.

Notwithstanding this provision of the statute, the attorneys for Mrs. Hitt insist that when a petition for writ of certiorari is presented to a superior court judge for sanction more than 30 days after the final determination of the case in which error is alleged to have been committed, such judge is vested with judicial discretion to grant or deny the sanction of the petition, and they insist that this court so hold. To do so would amount to taking from and adding to the above quoted provision of law of this State, which provision is certain, positive, and unequivocal. In the State of Georgia the legislative branch of the State Government is still vested with the exclusive power to enact, amend, or repeal laws. The substance of the contention of the plaintiff in error is that since the Constitution of this State, Art. VI, Sec. IV, Par. V (*Code Ann.* § 2-3905), provides: "They [superior courts] shall have power to correct errors in inferior judicatories by writ of certiorari, which shall only issue on the sanction of the Judge . . ." without fixing a time limit in which a petition for writ of certiorari must be presented for sanction, the State legislature did not have the power to provide a limitation of time in which such petition could be presented for sanction. Suffice it to say, in the instant case, no attack has been made on the constitutionality of *Code* § 19-209, and if such attack had been made, this court would not have jurisdiction of the case. This court must treat the statute as valid. *McElroy v. McCord,* 213 Ga. 695 (100 S. E. 2d 880).

Therefore, since the petition for a writ of certiorari was presented for sanction more than 30 days after the final determination of the case in which the error was alleged to have been committed, the judgment must be affirmed. See *Dunton v. Alexander,* 142 Ga. 659 (83 S. E. 519); *Barrett & Carswell v. Devine,* 60 Ga. 632; *Autrey & Peebles v. Carson Naval Stores Co.,* 29 Ga. App. 422 (115 S. E. 924); *Bull & Son v. Armour Fertilizer Works,* 26 Ga. App. 151 (105 S. E. 616). See also 14 C. J. S. 207, Certiorari, § 63, et seq.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*

DECIDED MAY 17, 1961.

*Johnson, Oxford & Stubbs, J. N. Johnson,* for plaintiff in error.
*J. C. Savage, Ralph C. Jenkins,* contra.