## 47340.   BELLEW v. STATE HIGHWAY DEPARTMENT et al.

EVANS, Judge. On July 23, 1971, A. G. Bellew, an employee of the State Highway Department of Georgia, was dismissed for "misconduct reflecting discredit" on the department, by a letter from the Director of the Truck Weighing Division. He was also advised by letter of his right to appeal to the State Personnel Board, State Merit

System of Personnel Administration. He appealed, and after a hearing, the board affirmed his dismissal on October 27, 1971.

The plaintiff applied for certiorari to review this ruling in the Superior Court of Fulton County on November 26, 1971 (but without sanction by the judge of superior court), and said application was served on the State Highway Department, the State Personnel Board, and the Attorney General on November 30, 1971.

The State Highway Department moved for dismissal of the petition, and thereafter answered said petition, denying the material portions thereof. The Personnel Board answered, sending up the entire record of the appeal or review of the employee's dismissal. Thereafter, the motion of the State Highway Department to dismiss came on for hearing, and the court granted said motion. The plaintiff appeals. *Held:*

1. An applicant for certiorari has thirty days from an adverse decision in which to apply for certiorari. See *Code Ann.* § 19-209 (Ga. L. 1961, pp. 190, 191). He may file same with the clerk of superior court, *after sanction* by the judge, and the clerk will thereupon be required to issue a writ of certiorari. See *Code* § 19-203. But, absent sanction, the clerk has no authority to file the application or issue the writ of certiorari. See *Snipes v. Houlihan,* 81 Ga. App. 492 (1) (59 SE2d 253) and cases there cited.

2. In the case sub judice, the applicant waited until the thirtieth day after rendition of the adverse decision before appearing at the Fulton County courthouse with his application for sanction. This was on Friday, November 26, 1971, the day after Thanksgiving, which day, by proclamation of the governor, was made a legal holiday to take the place of another legal holiday which had not been observed by closing the state-house offices. However, the Fulton County courthouse was open and business was being transacted therein. He did not secure the sanction of the judge, but filed same in the office of clerk of supe-

rior court without said sanction. The filing was a nullity under the authority of *Snipes,* supra.

3. Despite the failure of the judge to sanction the application for certiorari, after service thereof, the State Highway Department appeared, filed a motion to dismiss, and filed an answer. The State Personnel Board also answered. Applicant now contends that under the authority of *McDonald v. Cousins,* 23 Ga. 227, his application for certiorari was subject to amendment, by procuring the sanction of the trial judge, even at that late date, in view of the fact that the adverse parties had filed answers. But it does not appear that applicant ever invoked the discretion or power of the trial judge to allow him to amend, or to sanction the application so that same might be legally filed and writ of certiorari legally issued by the clerk. The *McDonald* case, supra, is, therefore, not applicable here.

In this connection we call attention to the case of *Kirkland v. Luke,* 30 Ga. App. 203 (2) (117 SE 259) which holds: "An attempt by the magistrate to answer the allegation of a petition for certiorari before the petition has been sanctioned or the writ of certiorari has been issued cannot be considered as an answer to the writ of certiorari. The magistrate has no authority to answer a certiorari until after the issuance of the writ." In this case we have nothing to review, and must affirm the judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
Argued July 5, 1972—Decided October 13, 1972.

*Harrison & Garner, G. Hughel Harrison,* for appellant.
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General,* for appellee.