49945. RICHARDSON v. RECTOR et al.

BELL, Chief Judge.

Appellant appealed his discharge from the Columbus Police Department to the City Personnel Review Board. After a hearing the dismissal was upheld on January 11, 1974. Appellant then petitioned for and obtained the issuance of a writ of mandamus against the Columbus Chief of Police which compelled the latter to reinstate appellant to his position.

On appeal, the Supreme Court reversed holding that mandamus would not lie as appellant had an adequate remedy to appeal the adverse decision of the personnel board by writ of certiorari to the superior court. *McClung v. Richardson,* 232 Ga. 530 (207 SE2d 472). The Supreme Court's judgment was dated July 2, 1974 and a motion for rehearing was denied on July 16, 1974. Appellant, on August 1, 1974, presented his petition to the superior court for a writ of certiorari and it was sanctioned. The appellees' motion to dismiss the petition on the ground that it was not timely filed was granted. *Held:*

1. Code Ann. § 19-209 provides that all applications for certiorari must be submitted within 30 days "after final determination of the case in which the error is alleged to have been committed, and not after. . ." The "case" that appellant seeks to have reviewed on certiorari is the decision of the personnel review board. The board rendered its decision on January 11, 1974. Appellant contends that "the final determination of his case" did not occur and the statutory period did not commence to run until the Supreme Court finally disposed of appellant's mandamus action by its judgment on July 16, 1974. This contention is without merit. Appellant's mandamus action was a "case" in the ordinary context and his application for certiorari is also a "case." However, they

are completely different remedies both as the subject matter, procedure, and nature of relief. Certiorari under Code § 19-101 is a remedy whereby a litigant may have a review of a judgment or decision of an inferior judicatory or a person exercising judicial powers. A mandamus action under Code § 64-101 is commenced by an original petition or application to compel the due performance of an official duty, if there is no other specific legal remedy for the legal rights. Appellant relies on *Roach v. Sulter*, 54 Ga. 458, decided in 1875. Roach had received an adverse verdict in a city court and he appealed by writ of error to the Supreme Court. The latter dismissed it. After the dismissal by the Supreme Court, Roach brought certiorari to the superior court within three months of the dismissal by the Supreme Court. The statute for bringing certiorari at the time of *Roach* allowed three months to present the petition. In holding that Roach had timely filed a certiorari the court stated "The constitution gives a writ of error to this court from the decisions of the city court, and there is, also, by the constitution, a *certiorari* allowed to issue by the judge of the superior court to correct the errors of all inferior judicatures . . . until that dismissal was had the case was not finally disposed of by the city court. Its judgment was suspended, superseded by the writ of error . . . the party had his three months from the dismissal to apply for his new proceeding." However, *Roach* and all the cases cited recognizing its principle, involved the identical case or judicial proceeding and not a distinctly different one as here. The mandamus action from the date of its filing to the date of the judgment on appeal did not supersede the decision of the personnel board. The final determination of the case by the personnel board occurred on January 11, 1974. As appellant presented his application for certiorari more than thirty days after January 11, 1974, the superior court correctly dismissed it. *Smith v. City of Atlanta,* 48 Ga. App. 853 (174 SE 171).

2. The remaining enumeration of error attempts to raise a constitutional question that was not raised in the trial court and cannot be considered. *Young v. State,* 125 Ga. App. 204 (4) (186 SE2d 805); *Bowman v. State,* 231 Ga. 220 (2) (200 SE2d 880).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

118

SUBMITTED NOVEMBER 4, 1974 — DECIDED FEBRUARY 7, 1975 — REHEARING DENIED FEBRUARY 28, 1975.

*Vincent P. McCauley, T. Edward Tante, IV,* for appellant.

*Kelly, Champion, Denney & Pease, Forrest L. Champion, Jr., Lennie F. Davis, E. H. Polleys, Jr.,* for appellees.