53163. GOLDSTEIN et al. v. SMITH et al.

McMurray, Judge.

On December 30, 1975, following an altercation in a bank in the City of Atlanta, two persons were arrested and later convicted on January 14, 1976, of disorderly conduct in the Municipal Court of the City of Atlanta. Certiorari bonds were executed, but these defendants, on February 13, 1976, filed a pro se "motion of appeal" of conviction in the Superior Court of Fulton County naming the arresting officers and certain of the officials of the bank as parties thereto, based upon numerous alleged grounds such as denial of their civil rights and constitutional rights; inadequate counsel; and averments of tort based upon false arrest, perjury, slander, libel, assault, battery and mayhem; as well as malfeasance and misfeasance of the court. The various persons named in this action in the superior court filed a motion to dismiss for failure to state a claim, as well as an answer denying the averments of the complaint. Since a copy was served upon the municipal court, the solicitor of the court filed a motion to dismiss. Other pro se pleadings were filed by the petitioners, and on June 9, 1976, the "motion of appeal" was amended to set out an application for writ of certiorari with bond attached, and the same was sanctioned by a judge of the Superior Court of Fulton County. Thereafter, on June 10, 1976, petitioners voluntarily dismissed their action entitled "motion of appeal" against the officers and employees of the bank and two police officers.

Counsel for applicants contends that even though the pleading is styled "motion of appeal," it was intended as a writ of certiorari and not a civil complaint.

The solicitor of the municipal court again moved to dismiss the application as failing to meet the requirements of Code §§ 19-203 and 19-209, and the same was thereafter dismissed. The applicants appeal. *Held:*

1. The motion to dismiss in this court is denied since the substance of the motion is merely that the lower court was correct in dismissing the application for writ of

certiorari.

2. There is no magic in mere nomenclature in describing pleadings, and courts must study the pleadings to determine if the substance of the pleadings is substantially equivalent of the procedure intended. See *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782); *Chance v. Planters Rural Tel. Cooperative, Inc.,* 219 Ga. 1, 5 (131 SE2d 541); *McDonald v. State,* 222 Ga. 596, 597 (1) (151 SE2d 121). Counsel for applicants here argues that having obtained a certiorari bond it was applicants' intention, acting pro se without any legal knowledge, to obtain a writ of certiorari and not to appeal. Here they filed a pro se appeal to the superior court and did not follow the certiorari procedure found in Code § 19-203 which requires the petition to be filed in the office of the clerk of the superior court, with the sanction of the judge of the circuit endorsed thereon, in order for the clerk to issue the writ directed to the inferior judicatory thereby requiring that court to certify and send up all the proceedings in the cause to the superior court as directed in the writ of certiorari. Code § 19-209 requires that the writ be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed *and not after,* the same to be answered by the respondent within 30 days after service of said petition. Here the so-called appeal was filed in the superior court without sanction. The amendment containing the petition for writ of certiorari and sanction was not filed until June 9, 1976, and thereafter served on the municipal court on the same date. Examination of the original pleadings fails to disclose any language to classify same as an application for writ of certiorari. The so-called amendment and sanction of June 9, 1976, comes too late since the judgment was final after 30 days of its determination. See *Buehl v. Wheeless,* 32 Ga. App. 22 (122 SE 628); *National Life & Acc. Ins. Co. v. May,* 41 Ga. App. 719 (1) (154 SE 652); *Hudson v. Higgins,* 45 Ga. App. 358 (1) (164 SE 688); *Hitt v. City of Atlanta,* 103 Ga. App. 717 (120 SE2d 339); *Bellew v. State Hwy. Dept.,* 127 Ga. App. 301 (1, 2) (193 SE2d 202); *Richardson v. Rector,* 134 Ga. App. 116 (1) (213 SE2d 488). The dismissal of the petition was proper as the writ was applied for more than the 30

days after the final judgment.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED MARCH 2, 1977.

*Lawrence L. Schneider,* for appellants.
*Mary Welcome, Solicitor,* for appellees.