## A97A2262. COBB COUNTY v. HERREN et al.
### (496 SE2d 558)

RUFFIN, Judge.

Appellees Sara Allgood Herren and her family ("the Allgood family") filed a Petition for Certiorari in superior court seeking a review of the Cobb County Board of Zoning Appeals' denial of the family's request for a land disturbance permit for a mobile home park they owned. Cobb County, as respondent in certiorari, moved to dismiss the petition because it did not contain a bond or pauper's affidavit as required by OCGA § 5-4-5 and was not endorsed with the sanction of the appropriate judge in accordance with OCGA § 5-4-3. The superior court denied the motion, permitted the Allgood family to amend their petition in accordance with OCGA § 5-4-10 and sanctioned the petition. Cobb County filed an application for interlocutory appeal, arguing that the court erred in allowing the family to amend with a late sanction beyond the 30-day time period of OCGA § 5-4-6. We granted the application, and for the following reasons, reverse the decision of the superior court.

The underlying facts are not in dispute. The Allgood family operated the Allgood mobile home park on property located on Atlanta Road in Cobb County. Although the mobile home park violated the Cobb County zoning ordinance adopted in 1972, the family's use of the land predated the adoption of the ordinance and thus it was deemed a prior existing nonconforming use. In 1996, the Allgood family planned to renovate the park. In preparation thereof, the family removed approximately 90 percent of the existing mobile homes. Cobb County, however, refused to permit the renovations, which included the placement of approximately 140 new mobile homes, concluding that the mobile home park was no longer a legal, grandfathered, non-conforming use. The Allgood family petitioned for a land disturbance permit, which the county denied. The family appealed to the Cobb County board of zoning appeals ("the board"), which affirmed the county's decision on November 26, 1996.

The Allgood family filed a petition for certiorari in the superior court on December 26, 1996 against the board and its individual members. As respondent in certiorari, Cobb County moved to dismiss

the petition because it was not filed within 30 days with the appropriate sanction and bond or pauper's affidavit attached. In response to the motion to dismiss, the Allgood family admitted that they did not include a bond or pauper's affidavit, believing that it was not required. They also admitted that the petition lacked the sanction of the appropriate judge and moved to amend the petition. On April 9, 1997, the superior court denied the county's motion to dismiss and permitted the family to amend in accordance with OCGA § 5-4-10. However, the court declined to sanction the family's petition for certiorari nunc pro tunc to December 26, 1996. On May 5, 1997, the superior court sanctioned the petition for certiorari, together with the amendments permitted by the April 9 order.

The issue presented in this appeal is whether the failure to obtain the requisite sanction from the appropriate judge is an amendable defect in certiorari proceedings. We find that it is not amendable if the 30-day time requirement for applying for certiorari under OCGA § 5-4-6 (a) has expired.

Initially, we note that the Allgood family properly sought review of the board's denial of the land disturbance permit by petitioning for a writ of certiorari. Section 134-96 of the Cobb County Zoning Ordinance provides that "[a]ny person or persons severally or jointly aggrieved by any decision of the board of zoning appeals may take an appeal to the superior court. The appeal to the superior court shall be by writ of certiorari." See also *Jackson v. Spalding County*, 265 Ga. 792 (1) (462 SE2d 361) (1995) (county can specify means of judicial review of zoning matters, including denials of applications for variances and conditional use permits); *Dougherty County v. Webb*, 256 Ga. 474 (1) (350 SE2d 457) (1986).

To obtain a writ of certiorari, an aggrieved party, such as the Allgood family, must petition the superior court for the county in which the case was tried, setting forth plainly and distinctly the errors complained of. OCGA § 5-4-3. Furthermore, "[a]ll writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court." OCGA § 5-4-6 (a). The language of OCGA § 5-4-6 is "certain, positive, and unequivocal." *Hitt v. City of Atlanta*, 103 Ga. App. 717, 718 (120 SE2d 339) (1961) (applying substantially similar language of former Code Ann. § 19-209).

Viability of a petition for a writ of certiorari is also contingent upon the party obtaining the sanction of the appropriate judge. "[Upon] the filing of the petition in the office of the clerk of the superior court, *with the sanction of the appropriate judge endorsed thereon,* together with the bond or affidavit . . . it shall be the duty of the clerk to issue a writ of certiorari." (Emphasis supplied.) OCGA

§ 5-4-3. Absent the sanction, the clerk of the superior court has no authority to either file the application for certiorari or issue the writ. *Bellew v. State Hwy. Dept.*, 127 Ga. App. 301 (193 SE2d 202) (1972). Sanctioning is an integral part of the application for certiorari and without it, the certiorari process cannot move forward.

Moreover, a superior court judge is not vested with judicial discretion to grant or deny a sanction of a petition for certiorari when that petition is presented to the judge *for sanction* more than 30 days after the final determination of the underlying case. *Hitt*, supra at 718; see also *Williams v. Brownlee*, 147 Ga. App. 831 (250 SE2d 567) (1978) (writ sanctioned and issued more than 30 days from the date of the board's decision was properly dismissed for failure to comply with statutory deadline); *Goldstein v. Smith*, 141 Ga. App. 493, 494 (2) (233 SE2d 864) (1977) (amendment to petition containing a true petition for writ of certiorari and a sanction filed after the 30 days had run did not save the petition from dismissal). To hold that the judge had such discretion would amount to rewriting OCGA § 5-4-6. See *Hitt*, supra. Accordingly, in the instant case, the superior court judge had no discretion to sanction the Allgood family's petition for a writ of certiorari after the 30-day statutory deadline had run.

The Allgood family insists, however, that the absence of a sanction was amendable in accordance with OCGA § 5-4-10, which provides that "[c]ertiorari proceedings shall be amendable at any stage, as to matters of form or substance, as to the petition, bond, answer, and traverse; and a valid bond may by amendment be substituted for a void bond or no bond at all." We disagree.

"In interpreting statutes, courts must look for the intent of the legislature and construe statutes to effectuate that intent. [Cit.] All words, except words of art, shall be given their ordinary significance." *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991). As the dissent aptly points out, the Act of 1961 was passed to clarify and simplify the procedure in certiorari proceedings, as well as to repeal OCGA § 5-4-10 and to substitute for that section a new section providing for amendments. Ga. L. 1961, p. 190. In this new OCGA § 5-4-10, the legislature listed the documents that could be amended as to form or substance at any time: the bond, petition, answer and traverse. Had the legislature intended to allow for an amendment of a late sanction, it would have included it in the Code section.

The dissent believes that a party could obtain a late sanction in certiorari proceedings prior to the 1961 amendment of OCGA § 5-4-10. *McDonald v. Cousins*, 23 Ga. 227 (1857). Furthermore, the dissent asserts, the legislature intended to permit late sanctioning to continue when it enacted the current version of OCGA § 5-4-10 relating to amendable defects. We do not find *McDonald* dispositive or

applicable. *McDonald* involved the filing of a writ of certiorari from the decision in a forcible entry and detainer case. The Supreme Court had previously held in *Taylor v. Gay*, 20 Ga. 77 (1856), that the Act of 1850, which was enacted to amend the several laws of Georgia regarding writs of certiorari, did not apply to the facts in *Taylor*, in which a party was seeking a writ of certiorari from a judgment in a forcible entry and detainer case. We note that the Act of 1850 was the precursor to the current statutory scheme for obtaining writs of certiorari. *McDonald* concluded that it was the constitutional writ of certiorari and not the statutory writ of certiorari provided by the Act of 1850 that was applicable where a party seeks certiorari from the decision in a forcible entry and detainer case. Thus, it does not appear that *McDonald* relied on the precursor to OCGA § 5-4-1 et seq. in concluding that a late sanction could be obtained.

Furthermore, as mentioned previously, the language of the legislature in OCGA § 5-4-10 is clear and unambiguous as to what defects are amendable, and sanctioning is not listed. While a petition for certiorari can be amended under OCGA § 5-4-10, the petitioner must timely file for certiorari within 30 days, and this filing must occur only after the sanctioning by the appropriate judge. OCGA §§ 5-4-3; 5-4-6. If the filing is not timely nor is there a sanction, there is nothing viable that can be filed, issued or, accordingly, amended. *Bellew*, supra at 302. The petition here was void at the time of filing because it was not filed within 30 days with the sanction of the judge.

*Judgment reversed. Andrews, C. J., Birdsong, P. J., Pope, P. J., Johnson and Blackburn, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

I respectfully dissent.

Prior to Ga. L. 1961, pp. 190, 192-193, § 9 (OCGA § 5-4-10), certiorari to the superior court could not be amended. See *Hudson v. Watkins*, 225 Ga. App. 455, 456 (484 SE2d 24) (1997); *Scott v. Oxford*, 105 Ga. App. 301, 303 (3) (124 SE2d 420) (1962). The descriptive caption of the act to Ga. L. 1961, p. 190 states as the purpose of the statute: "[a]n Act to clarify, simplify and conform the procedure in certiorari proceedings to that prevailing in ordinary civil cases as to appearance day . . . to repeal section [OCGA § 5-4-10], relating to traverse of the answer, and to substitute therefor a new section providing for amendments." See *Sovereign Camp Woodmen of the World v. Beard*, 26 Ga. App. 130 (105 SE 629) (1921). Under OCGA § 9-11-81, certiorari proceedings are considered "special statutory proceedings" to which the Civil Practice Act applies "except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ." OCGA § 9-11-81; see *Bragg v. Bragg*, 225 Ga. 494, 495 (170 SE2d 29) (1969); *Hudson v. Watkins*, supra at 456.

OCGA § 5-4-10 limits amendments to the petition, bond, answer, and traverse. Late service of the answer is not an amendable defect. *Schaffer v. City of Atlanta*, 144 Ga. App. 702 (242 SE2d 288) (1978). The failure to serve the opposite party is not an amendable defect. *Hudson v. Watkins*, supra at 457.

"Thus, until amendment, the petition is equally lifeless under either the old or the new law [when OCGA § 5-4-6 is not complied with by the petitioner]. The only difference is that now a right to amend exists, and when that right is exercised, it does result in breathing life into what was completely lifeless before. . . . The new statute does not change the old law, but it adds to it by providing a method of resuscitation not formerly existing." *Scott v. Oxford*, supra at 305.

In this case, it was the petition for the writ of certiorari that was defective for lack of the judge's signature sanctioning the writ of certiorari prior to filing. The execution of the sanction by the court is not a discretionary but a ministerial act, which can only be denied when the petition for writ of certiorari is defective on its face. See OCGA § 15-6-9; *Clark v. Morris Plan Bank*, 194 Ga. 522, 523 (22 SE2d 147) (1942). Prior to OCGA § 5-4-10, upon motion the petition in certiorari could be amended to subsequently sanction an unsanctioned petition. "In the case before us, everything was done, except obtaining the previous mandate of the Court, for the writ of certiorari to issue. The answer of the Justices [was] in, and all the facts before the Court; and we hold, therefore, that the motion to amend should have been allowed." *McDonald v. Cousins*, 23 Ga. 227, 229 (1857).

The petitioners made a motion to amend the petition for certiorari and to sanction the petition, and the amendment was granted by the trial court on April 9, 1997 at the same time that the Court denied the motion to dismiss for lack of a sanction and approved security bond; however, the trial court refused to make the sanction nunc pro tunc to December 26, 1996. The trial court stated in its order: "the Court declines to sanction the Petitioners' petition for certiorari nunc pro tunc to December 26, 1996." In *Bellew v. State Hwy. Dept.*, 127 Ga. App. 301, 302 (3) (193 SE2d 202) (1972), this Court held that upon motion to amend praying for sanction and the exercise of discretion by the trial court to make a late sanction that the defect would be cured under *McDonald v. Cousins*, supra at 229, which was done in this case.

Legislation shall be construed in light of the existing case law and the mischief to be remedied by a new act to determine the intent of the legislature. *Atlanta & West Point R. Co. v. Wise*, 190 Ga. 254 (9 SE2d 63) (1940); see also *McGuire v. McGuire*, 228 Ga. 782 (187 SE2d 859) (1972). Thus, the General Assembly would have been aware of *McDonald v. Cousins*, supra, when it passed OCGA § 5-4-10 and

intended that the power to amend would also encompass the late addition of the sanction. The power to amend would resuscitate not only a void petition but also the filing, service, and answer once the sanction was given. *Scott v. Oxford*, supra at 305.

DECIDED FEBRUARY 6, 1998 ▮▮▮▮▮▮▮

*Parks F. Huff*, for appellant.

*Moore, Ingram, Johnson & Steele, John H. Moore, John K. Moore*, for appellees.