**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A1217, A20A1500. ADAMS v. NEYKOV, and vice versa.

RICKMAN, Judge.

In this highly litigated struggle, Leann Adams, the clerk of the Municipal Court of the City of Dallas (hereinafter, "the Clerk"), appeals the entry of an order of mandamus requiring her to execute and file a supersedeas bond in connection with Dafiyan Neykov's attempt to appeal an order issued by that court in a nuisance case filed against him. Neykov cross-appeals, challenging one aspect of the court's order. For the reasons that follow, we affirm the grant of mandamus and dismiss the cross-appeal as moot.[1]

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required numbers of judges, however, voted in favor of a hearing en banc on the question of overruling *All Star, Inc. v. Alford*, 352 Ga. App. 631 (835 SE2d 672) (2019)

The parties agree that the matter began in the municipal court as a quasi-criminal action against Neykov to abate a nuisance.[2] Following an evidentiary hearing, that court entered an order in which it fined Neykov $680 for his continuing nuisance and awarded the City of Dallas $1,500 for its costs of litigation and attorney fees.

Neykov petitioned the Superior Court of Paulding County for a writ of certiorari, and that court sanctioned the petition, issued the writ, and ordered that Neykov had 30 days "to obtain and file the requisite bond with any approval or certification of such bond and certification of payment of costs as required by law." Neykov's ensuing attempts to obtain approval and certification of a bond from the municipal court failed, and he elected to dismiss his petition for a writ of certiorari without prejudice.

---

[2] See generally *DeKalb Cty. v. Gerard*, 207 Ga. App. 43, 43 (1) (427 SE2d 36) (1993) ("A prosecution for violation of a city or county ordinance is a "quasi-criminal" case having the nature of a criminal case, and where a party convicted of an ordinance violation files a petition for certiorari in superior court seeking review of the conviction, the proceeding in superior court is criminal and not civil.").

Neykov then filed, in superior court, a petition for a writ of mandamus against the municipal court judge, seeking an order requiring the judge to approve a supersedeas bond for his appeal. At some point thereafter, the superior court ruled that the bond would need to be endorsed by the Clerk and not the judge. Neykov thereafter attempted to obtain approval of the bond from the Clerk. The Clerk refused, raising grounds, among others, that the wording of the bond was incorrect in that it stated that the bond would be "void" if Neykov failed to appear and abide the final judgment, rather than "forfeit[ed]."

At this point, Neykov filed a second petition for writ of certiorari in the superior court as a renewal action under OCGA § 9-2-61 (a). Contemporaneously, Neykov filed the petition for mandamus that is the subject of this appeal. He filed several amendments to the mandamus petition, including a supplement indicating that he had separately submitted a modified proposed bond containing the word "forfeited" instead of "void," and he submitted a modified proposed bond itself, to which the Clerk responded by stating that she did not have time to consider it before the then-impending hearing. In the petition as amended, Neykov requested that the superior court order the Clerk, who had declined Neykov's various requests, to perform her legal duties necessary to accept and approve his request for a supersedeas

3

bond in connection with his second attempt to obtain a writ of certiorari to appeal the municipal court's decision in the nuisance action.[3]

Following a hearing on the petition for mandamus, the superior court granted mandamus, concluding that the Clerk's refusal to receive and file the amended supersedeas bond was not justified. In Case Number A20A1217, the Clerk appeals the superior court's grant of mandamus. In Case No. A20A1500, Neykov cross-appeals, asserting that the Clerk had no authority to question whether he was authorized to dismiss and renew his petition for writ of certiorari.

The appellate courts will not interfere with a trial court's decision granting mandamus relief "absent a showing that the court manifestly abused its discretion." *Burke County v. Askin*, 294 Ga. 634, 637 (2) (755 SE2d 747) (2014).[4] Review of the trial court's determination on a question of law, however, is de novo. See *Blalock v. Cartwright*, 300 Ga. 884, 885 (I) (799 SE2d 225) (2017).

---

[3] The petition incorrectly named the municipal court judge in the final "Wherefore" clause, whereas the remainder of the document consistently named the Clerk as the subject of the mandamus.

[4] We hereby overrule *All Star, Inc. v. Alford*, 352 Ga. App. 631 (835 SE2d 672) (2019), to the extent that it holds that appellate review of a grant of mandamus is de novo.

1. In her first three enumerations of error, the Clerk challenges three rulings by the superior court concerning whether Neykov had satisfied the prerequisites for filing a petition for certiorari in the superior court and whether he was authorized to renew his petition. The Clerk had raised these alleged procedural irregularities as justification for her failure to approve Neykov's supersedeas bond. As explained below, because the clerk had no authority to challenge Neykov's compliance with the prerequisites of his petition for certiorari or the validity of his renewal action, we find these enumerations of error to be without merit.

"[T]he writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights[.]" OCGA § 9-6-20. "Mandamus shall not lie as . . . to a public officer who has an absolute discretion to act or not to act unless there is a gross abuse of such discretion. However, mandamus shall not be confined to the enforcement of mere ministerial duties." OCGA § 9-6-21 (a); see also *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014) (writ of mandamus proper if "the applicant has a clear legal right to such relief"); *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570, 570 (1) (512 SE2d 239) (1999) (mandamus proper to correct "a gross abuse of discretion.").

Chapter 4 of Title 5 governs certiorari to the superior courts, and the various steps necessary to appeal are set forth therein. See OCGA § 5-4-1 et seq. The legal duty underlying Neykov's motion for mandamus is found in OCGA § 5-4-20 (a), which provides that in criminal and quasi-criminal actions, such as the present action, a petitioner for a writ of certiorari is "entitled to a supersedeas of the judgment" if he files with the clerk an appearance bond, payable to the municipality, "in an amount and with security acceptable to and to be approved by the clerk[.]"[5]

The Clerk justified her refusal to approve Neykov's bond on what she determined to be three shortcomings in Neykov's petition for certiorari: (a) that Neykov failed to satisfy the requirements of OCGA § 5-4-5 (a)[6]; (b) that Neykov was

---

[5] The requirement is waived for the indigent. See OCGA § 5-4-20 (b).

[6] OCGA § 5-4-5 (a) requires that a petitioner for certiorari,
give bond and good security, conditioned to pay the adverse party in the case the sums sought as an award to be recovered, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint that all costs which may have accrued on the trial below have been paid. The bond and certificate shall be filed with the petition for certiorari, and security on the bond shall be liable as securities on appeal.

OCGA § 5-4-5. This Court has held "that OCGA § 5-4-5 does not apply to criminal was

6

not authorized to dismiss and renew a petition for a writ of certiorari under OCGA § 9-11-61 (a)[7]; and (c) that, given that Neykov was not authorized to renew his petition for certiorari, his renewed petition was untimely. . In granting mandamus, the superior court rejected the Clerk's reasoning as being contrary to the law or the facts, and, in addressing ground (c), the superior court held that the Clerk's discretion arising out of her duty to accept and approve a supersedeas bond did not authorize her to assess whether a petition for a writ of certiorari was properly filed in the superior court. This latter reasoning disposes of all three of these enumerations of error.

When rejecting the Clerk's position on ground (c), the superior court held that the Clerk exceeded the scope of her authority when she assessed whether Neykov's petition for a writ of certiorari was properly filed in the superior court:

> [The Clerk] indicated that the bond was rejected in part because the Original Petition for Writ of Certiorari was flawed and the revival

---

cases." *Williams v. City of Douglasville*, 354 Ga. App. 313, 316 (840 SE2d 715) (2020).

[7] This Court has held that "the renewal provisions of OCGA § 9-2-61 apply to certiorari cases brought pursuant to OCGA § 5-4-1 et seq." *Buckler v. DeKalb County*, 290 Ga. App. 190, 191 (1) (659 SE2d 398) (2008) ("Certiorari proceedings are considered 'special statutory proceedings' subject to the provisions of the 1966 Civil Practice Act, except to the extent that specific rules of practice and procedure conflict with the Act."); see also OCGA § 9-11-81.

petition filed on April 22, 2019 was invalid. The Court finds these determinations to be outside of the scope of the clerk's discretion in issuing a bond. OCGA § 5-4-20 permits a clerk to review and approve a bond as to its amount and security, and while *Spain v. Clements*[, 63 Ga. 786, 787 (1879)] acknowledges that a clerk may review a bond for its legality and sufficiency under the plain provisions of the statute, the statute does not intend, nor would it be prudent, for a clerk of court to perform a complex legal analysis on the validity of a Petition for Writ of Certiorari before issuing a supersedeas bond. Therefore the Court finds that the clerk of court was not entitled to refuse to receive and file the amended bond as submitted by the Petitioner.

We agree with the superior court. In the present setting, OCGA § 5-4-20 (a) provides that a person, such as Neykov, convicted of a quasi-criminal offense in municipal court who desires a writ of certiorari is "entitled" to a supersedeas of the judgment "if he files with the clerk of the court. . . a bond . . . payable to the municipality, in amount and with security acceptable to and to be approved by the clerk. . . , conditioned that the defendant will personally appear and abide the final judgment[.]" Thus, the Clerk is given discretion to accept and approve the bond itself, nothing more. The language of OCGA § 5-4-20 does not authorize a municipal court clerk to investigate whether the applicant has timely filed a petition for writ of certiorari in the superior court or obtained a certificate showing that costs have been

8

paid. The Clerk's reliance on *Spain v. Clements*, is flawed for this same reason. That case dealt with the legality of the bond itself, over which a clerk does have discretion, not the validity of the petition for writ of certiorari filed in the superior court. See Id.[8]

In sum, pretermitting whether the trial court correctly ruled that OCGA 5-4-5 does not apply to criminal cases or that Neykov was authorized to file a renewal, we hold that the Clerk was not authorized to refuse to accept and approve Neykov's request for a supersedeas bond on any of the above grounds because they fall outside of the discretionary authority granted to her under OCGA § 5-4-20. Cf. *Hughes v. Sikes*, 273 Ga. 804, 805 (1) (546 SE2d 518) (2001) ("The habeas court clerk's duty to file a notice of appeal is ministerial in nature, and it was beyond her duty or power to concern herself with the legal viability of a notice presented to her for filing."); *Orr v. Culpepper*, 161 Ga. App. 801, 804 (288 SE2d 898) (1982) ("Since the duties of the clerk relating to the filing of complaints are ministerial in nature, it is beyond her duty

---

[8] There are other remedies for the alleged flaws in Neykov's petition for writ of certiorari. See, e.g, OCGA § 5-4-6 (a) ("Applications made after 30 days are not timely and shall be dismissed by the [superior] court."); *Cobb County v. Herren*, 230 Ga. App. 482 (496 SE2d 558) (1998) (concerning a motion to dismiss filed in superior court regarding petitioner's failure to obtain sanction of the petition for certiorari); *Standard Gas Products Co. v. Vismor*, 31 Ga. App. 418 (121 SE 854) (1923) (a party to the writ of certiorari case in superior court may challenge the right of the other party to proceed without proof of the payment of costs).

9

or power to concern herself with the statute of limitation governing a complaint presented to her for filing.").

2. Finally, the Clerk contends that the trial court erred by ordering her to accept a bond that contained improper wording. She argues that she properly denied the original requested bond because it provided that the bond would become "void" if Neykov failed to appear rather than being "forfeit[ed]" if he failed to appear. But the Clerk fails to contest the superior court's alternate finding that the clerk had no authority to refuse to receive and approve the amended bond that contained the required wording. Accordingly, this enumeration is without merit.

The clerk having raised no other challenges to the superior court's ruling, we affirm the grant of mandamus.

*Case Number A20A1500*

3. On cross appeal, Neykov contends that the Clerk had no authority to challenge whether he was authorized to dismiss and renew his petition for writ of certiorari. Our holding in Division 1 renders this cross-appeal moot; we therefore dismiss the cross-appeal.

*Judgment affirmed in Case No. A20A1217. Appeal dismissed as moot in Case No. A20A1500. Dillard, P. J., and Brown, J., concur.*

10