# Court of Appeals
# of the State of Georgia

ATLANTA,  April 08, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1182.  JIMELL RAHEEN BROWN v. STATE OF GEORGIA EX REL. CRAIG FRASER, DISTRICT ATTORNEY, DUBLIN JUDICIAL CIRCUIT.**

In November 2020, acting pro se, Jimell Brown filed a timely application for discretionary appeal from the superior court's order denying his motion to set aside an order in a forfeiture case. Case No. A21D0114. We granted the application on December 1, 2020. On December 31, 2020, Brown filed in the superior court a "Motion to Transfer," seeking to have that court "transfer jurisdiction to the Court of Appeals of Georgia, in which the venue properly lies." We lack jurisdiction and the appeal must be dismissed.

The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). As required by the Appellate Practice Act, our December 1, 2020 order granting Brown's application directed him to file his notice of appeal within ten days.  See OCGA § 5-6-35 (g). The record does not show that Brown filed a notice of appeal, but we presume that the trial court treated the motion to transfer as a notice of appeal. See generally *Goldstein v. Smith*, 141 Ga. App. 493, 494 (2) (233 SE2d 864) (1977) (courts look to substance rather than mere nomenclature of pleadings to determine intended procedure). Brown's motion (i.e., notice of appeal) was filed 30 days after we granted his application, or 20 days too late. Notably, although Brown alleges that the superior court clerk refused to accept his notice of appeal and that he has attached proof of said refusal to his motion, no such documentation is in the record.

There being no timely-filed notice of appeal in the record, we are without jurisdiction to consider the order denying the motion to set aside. See generally *Ebeling v. State*, 355 Ga. App. 469 (844 SE2d 518) (2020). To the extent Brown seeks to challenge the purported act of the trial court clerk, such is likewise not reviewable given, inter alia, the absence of a written judgment, ruling or order rendered by the trial judge and filed below. See generally *Titelman v. Stedman*, 277 Ga. 460, 460-461 (591 SE2d 774) (2003); *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 469 (4) (326 SE2d 827) (1985).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   04/08/2021          *
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* ~Stephen E. Castlen~